(No. 14978.—Judgment affirmed.)

THE JOSEPH SCHLITZ BREWING COMPANY, Appellant, *vs.*
THE CHICAGO RAILWAYS COMPANY *et al.* Appellees.

*Opinion filed February 21, 1923—Rehearing denied April 6, 1923.*

1. WORKMEN'S COMPENSATION—*section 29 of Compensation act transfers employee's cause of action to the employer—limitations.* Section 29 of the Compensation act, which provides that the employer shall be "subrogated" to the right of action which the employee has against a third party causing the injury, merely transfers to the employer the same cause of action which the statute takes from the employee and does not create a new cause of action in the employer, and the employer must bring his action within two years from the date of the injury.

2. SAME—*when employee's action against a third party is abolished.* The Compensation act abolishes the common law right of action of an employee against a third party causing the injury when the employer, employee and third party are subject to the provisions of the act.

3. SAME—*employer cannot commence action against third party until amount of compensation is ascertained.* Under section 29 of the Compensation act the employer cannot commence his action against a third party who injured his employee in the course of employment until the amount payable by the employer under the Compensation act has been determined, as the suit is to "recover the damages sustained in an amount not exceeding the aggregate amount of compensation payable under this act."

APPEAL from the Second Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. OSCAR HEBEL, Judge, presiding.

WILKERSON, CASSELS, POTTER & GILBERT (RALPH F. POTTER, and KENNETH B. HAWKINS, of counsel,) for appellant.

CHARLES LEROY BROWN, (JOHN R. GUILLIAMS, and FRANK L. KRIETE, of counsel,) for appellees.

Mr. Justice Farmer delivered the opinion of the court:

This appeal is prosecuted from a judgment of the Appellate Court for the First District on a certificate of importance.

Appellant sued appellees under the provisions of the first clause of section 29 of the Workmen's Compensation act. Appellant is a corporation, and it and its employees and appellees were on August 31, 1917, subject to said act. On said day one of its employees, Frank Martzel, while driving a team and wagon in the course of his employment in appellant's business in Chicago was run into and struck by a street car of appellees being operated by appellees' servants, appellant alleges, in a careless and negligent manner, as a result of which Martzel was seriously injured while he, appellant and its other employees were in the exercise of due care. The declaration alleged appellant became liable to Martzel for compensation in the sum of $5000, and that by reason of section 29 appellees became liable to appellant in a like amount. Appellees pleaded the general issue and the two-year Statute of Limitations. Appellant demurred to the latter plea. The court overruled the demurrer, and appellant electing to abide the demurrer the court rendered judgment in favor of appellees. On appeal to the Appellate Court the judgment was affirmed.

It does not appear from the allegations of the declaration whether the compensation of the employee has been fixed or paid.

Prior to the passage of the Compensation act a right of action existed in the employee to sue his employer or anyone else for damages for negligently injuring him. That right of the employee to sue his employer in a common law action for a negligent injury was abolished or taken away from him by the Compensation act, and his remedy for any injury in the course of and arising out of the employment is against his employer, as provided in the act. It is a matter of frequent occurrence that an employee while

engaged in the line of his employment is injured by the negligence of a third party. In such case the employee is entitled to compensation from his employer, and the legislature by section 29 authorized the employer to maintain an action against the party causing the injury. That section provides for an action by the employer against the third party negligently causing the injury or death of the employee when all the parties are subject to the Compensation act, and also in cases where the employer and employee are subject to the act but the third party who negligently caused the injury or death is not subject to provide compensation under the act. In this case the employee was injured by appellees and all the parties were subject to the Compensation act. The suit was by the employer, and is under the first clause or branch of section 29, which is as follows: "Where an injury or death for which compensation is payable by the employer under this act, was not proximately caused by the negligence of the employer or his employees, and was caused under circumstances creating a legal liability for damages in some person other than the employer to pay damages, such other person having also elected to be bound by this act, or being bound thereby under section three (3) of this act, then the right of the employee or personal representative to recover against such other person shall be subrogated to his employer and such employer may bring legal proceedings against such other person to recover the damages sustained in an amount not exceeding the aggregate amount of compensation payable under this act, by reason of the injury or death of such employee."

Appellant contends the right of action of the employee against the third party causing the injury was abolished by the Compensation act and a new right of action created in the employer; that the time within which it must be commenced is not otherwise provided for, and it therefore is governed by the five-year Statute of Limitations. Appellees contend the right of action of the employer is the

same right of action the employee had before the adoption of the Compensation act, assigned or transferred to the employer; that the ground of liability for injury to the employee is the same action that existed in the employee before the Compensation act was passed, with a limitation on the amount of the recovery and an added condition that the employer was not guilty of contributory negligence; that the cause of action having been by the statute transferred to the employer, the nature of the transferred action determines the limitation applicable.

It must be admitted at the outset that section 29 is an ambiguous piece of legislation. Its evident purpose was to give the employer the right to recover from a negligent third party who injured his employee the damages sustained, not exceeding the amount of compensation payable to the employee by the employer under the act. The complicated and difficult questions which are arising and may arise under the provisions of that statute make it difficult to construe it so as to accomplish the purpose of its enactment in harmony with the rules of statutory construction and settled legal principles. As said by counsel, there are three possible times when the right to bring suit accrues to the employer under the first clause of section 29, viz., when the injury occurs to the employee, when compensation is fixed by agreement or by proceedings under the Compensation act, or when compensation is paid. If section 29 simply transfers to the employer the right of action taken from the employee by section 6 and does not create a new right of action, we think it must be held the Statute of Limitations begins to run at the time of injury. The same limitation would apply to the action when it was brought by the party to whom it was transferred that applied when the right of action was in the employee. On the other hand, if the statute creates a new right of action in the employer and fixes no time within which it must be begun, the five-year Statute of Limitations would apply. The word "sub-

rogated," used in the statute, was not a fortunate selection of a word to simplify the legislative intent. Section 6 prohibits an action by the employee against a third party, and any right of action he previously had is prohibited to him. It would seem the legislature did not intend to subrogate the employer to a right of the employee it had in the same act abolished. Some phases of this hydra-headed section of the Compensation act have been considered by this court heretofore, and the word "subrogated" has been treated as having the meaning of transferred. (*Friebel* v. *Chicago City Railway Co.* 280 Ill. 76; *Gones* v. *Fisher,* 286 id. 606.) In those cases no question of the Statute of Limitations was involved. It has been settled by a number of decisions that the Compensation act abolishes the common law right of action of an employee against a third party for an injury when the employer, employee and third party are subject to the provisions of the act. The cases are cited in *O'Brien* v. *Chicago City Railway Co.* 305 Ill. 244. In *City of Taylorville* v. *Central Illinois Public Service Co.* 301 Ill. 157, the court said it was "the same action which the employee would have had but for the prohibition of section 6." In that case the Statute of Limitations was not involved.

The precise question here for decision has not previously been before this court, and we are referred to no decisions of any other State court where the question has been decided. The question was considered by the United States circuit court of appeals for this circuit in *Star Brewing Co.* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 275 Fed. 330. That was a death case under the first clause of section 29, and the court held section 29 created a new cause of action and the five-year Statute of Limitations applied. That court expressed the view that it is contrary to rational thought to say a suit can be maintained on the assignment of a non-existent thing. We have the highest respect for that court and the great ability of the writer of the opinion, Justice Baker, but in view of the fact that

we have heretofore held in the cases referred to that it is simply the employee's right of action transferred to the employer, we feel bound to hold that the right of the employer to sue is not a new cause of action created by section 29 but is the employee's right of action taken from him and transferred to the employer. We recognize this construction will in many cases defeat any recovery from a third person under section 29, for it seems quite clear the employer is in no position to commence suit to enforce his right of action until the damages he has sustained have been fixed and determined. The damage he is authorized to sue for and recover is the damage sustained by the employee, not exceeding the aggregate amount of compensation payable by the employer under the act. The *Friebel case* and the *Gones case, supra,* held the time when the employer may commence his action is after the amount payable by him under the Compensation act has been determined and fixed. If that is correct it will often happen the action will be barred before the employer is in a position to bring his suit and the very purpose of the statute will be defeated. It is not of much benefit to the employer to assign or transfer to him a right of action so hedged about with conditions that before he can bring his suit to enforce his right his cause of action will be barred by the Statute of Limitations.

Appellees argue that the right to compensation is fixed by the act itself and exists from the time of the injury or death of the employee, and the expression in the *Friebel case,* which was followed in the *Gones case,* that the time for commencing his action by the employer is after the compensation payable under the act was determined, was inadvertent and superfluous. It is true, the right to compensation is governed by the statute, but the right of a particular individual to compensation, or if he has the right to compensation what amount he is entitled to, are questions of fact, and when either is disputed the procedure provided by the act must be followed to determine the right

to compensation and also the amount the employee is entitled to. The statute does not make every employer liable to pay compensation to everyone in his employment who claims it. He is only required to pay compensation for injuries to employees when the injury arises out of and in the course of the employment. The amount of compensation depends on the character and extent of the injury. The books are full of reported cases where the parties, employer and employee, were unable to agree either as to the right of the employee to any compensation or as to the amount he was entitled to under the statute. It is true, the parties may agree to the compensation and the amount of it, and perhaps oftener than otherwise such an agreement is made, but the statute provides for determining and enforcing the right to compensation when the parties cannot agree. In such cases the employer must have notice of the accident within thirty days after it occurs and demand must be made on him to pay compensation within six months. Then application must be made to the Industrial Commission to have the claim adjusted and compensation awarded. The decision of the commission may be reviewed by the circuit court and a further review had by the Supreme Court. In many cases the compensation is not finally determined and fixed until more than two years have elapsed after the injury. In such cases the right of action of the employer against a third party would be barred before he was in a position to assert his right by the commencement of a suit. We are of opinion the holding in the decisions referred to, that the right to commence the action is after the compensation is fixed, was not inadvertent but was the correct construction of the statute. The suit is "to recover the damages sustained in an amount not exceeding the aggregate amount of compensation payable under this act." The *Friebel case* held the employer could bring suit at once after the compensation was fixed "in a proceeding by the employee against him." Until the compensation is fixed by agree-

ment of the parties or under the mode provided by the statute the amount payable under the act could not be known, and how could the limit of the amount the employer is authorized to recover be determined before compensation payable had been ascertained and fixed?   The *Taylorville case* held proof of the award by the Industrial Commission was competent, not to fix the amount to be recovered but to establish a limit to the recovery.   It was there held to be incumbent on the employer to prove facts creating a legal liability of the third party sued and resulting damages, "just as O'Brien [the employee] would have been called on to make such proof if his right of action had not been transferred to the plaintiff, and the defendant had a right to contest the same."   In that case the award was a lump sum and had been paid in full by the employer before the suit was begun.

We think it must be regarded as settled by our decisions that the right of action conferred on the employer by section 29 is the same right of action the employee had before the adoption of the act, transferred to the employer, and the same Statute of Limitations applies to a suit by the employer which applied to the employee.   If this is not so and the five-year statute is to be applied, what would be the effect of such a rule when the injury caused the death of the employee?   No action for death caused by wrongful act existed in this State in anyone until the right was created in the personal representatives of the deceased for the benefit of the widow and next of kin by the Injuries act in 1853.   Section 29 authorizes the employer to bring the action for death of the employee, which the personal representatives of the employee might have brought against the party causing the death.   By the Injuries act, suit for a death must be commenced within a year after the death. That is not merely a limitation on the remedy but is a condition of the liability.   (*Carlin* v. *Peerless Gas Light Co.* 283 Ill. 142; *Hartray* v. *Chicago Railways Co.* 290 id. 85;

*Bishop* v. *Chicago Railways Co.* 303 id. 273.) In those cases it was said the general Statute of Limitations was a privilege of the defendant to interpose as a bar if he saw fit, but the time for bringing an action for death under the Injuries act limits the existence of the right. The right of action depends on a suit being commenced to enforce the right within a year after the death. If the right of action, when it existed in the personal representative of the employee, was by the Injuries act dependent on suit being commenced within a year after the death, and the employer was by section 29 "subrogated" to the right of the personal representatives,—or, as we have held, the right of action in them was transferred to the employer,—it does not seem it could be held to have the effect of repealing or obviating the condition of liability imposed by the statute which created and gave to the personal representatives a right of action for damage for death from a wrongful act. While in the case under consideration the employee was not killed, we are of opinion if we held the Statute of Limitations did not run against the employer from the time of the injury, we would also be obliged to hold that the liability for a death would not be terminated if the action was not commenced within a year. We do not think section 29 capable of the construction appellant contends for, that it created a new right of action in the employer to sue a third party for causing an injury to or death of his employee, at any time within five years, without regard to the Statute of Limitations as to injuries to the person or the condition of the liability for death imposed by the Injuries act.

If the construction we have given section 29 will have the effect in many cases of defeating the purpose sought to be accomplished by its enactment the remedy lies with the legislature. We do not see how we can give the statute the construction contended for by appellant without resorting to legislation ourselves. To give it that construction would require a disregard of language used in the act and the in-

terpolation of language not used, or, at least, to attribute to the statute a meaning which the language used will not warrant. We think it not improper to say section 29 needs further consideration by the legislature.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*