## In re WALTON HOTEL CO.
## OLHAUSEN et al. v. WALTON HOTEL CO.
### No. 7326.

Circuit Court of Appeals, Seventh Circuit.

Nov. 27, 1940.

Rehearing Denied Dec. 18, 1940.

Wm. J. Flaherty, Milton M. Adelman, and W. J. Friedman, all of Chicago, Ill., for appellee.

Before EVANS and KERNER, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

Petitioners appeal from an order of the District Court entered in a reorganization proceeding on March 15, 1940, denying their petition to vacate a previous order entered July 14, 1939, which approved a lease of certain hotel property to other parties, and to direct a lease to petitioners.

At the outset we are met with respondents' contention, supported by the master's report and approved by the court, that petitioners were estopped to seek the relief in the District Court because, upon an earlier petition for the same relief, the court entered an order on August 12, 1939, denying the relief prayed. The facts in this regard are that on August 11, 1939, two of the petitioners, Brand and Alice Olhausen, petitioned the court to set aside the order of July 14, 1939, which approved the action of a corporation to whom the debtor's property had been conveyed under the plan of reorganization, in leasing the property to another operating company. The District Court denied the prayer. Petitioners' motion for leave to appeal was denied by this court on October 12, 1939. Following this denial on October 20, 1939, the present petitioners filed a second pleading in the District Court in which Margaretha Olhausen joined, in which, despite some difference in verbiage, the relief prayed was in substance the same as that sought in the petition of August 11, with the additional prayer that, upon cancellation of the lease previously approved, the court direct that a similar lease be made with the Olhausens as lessees.

The undisputed evidence is that Brand, who was petitioner in both proceedings, though a bondholder of record, held his bonds for Margaretha Olhausen and had no interest therein himself but represented her as her agent. Furthermore, it appears that Alice Olhausen acted both for herself and her mother throughout the proceedings. Thus it is clear that the subject matter involved in both petitions was the same; that the issues of law and fact were identical; that the present petitioners were all parties to the original

Irving S. Abrams, of Chicago, Ill., for appellants.

proceeding either in their proper person or by authorized representatives and privies.

But decisions on motions do not necessarily have the force of res adjudicata. Courts possess discretion to permit a second application. Whether such renewal shall be entertained depends upon the circumstances of the case; for courts have the power to prevent vexatious and repeated pleadings upon the same point and ordinarily exercise their discretion to preclude reagitation of the same question on the same state of facts. These rules have their origin in the necessity of orderly conduct of business. Freeman on Judgments, §§ 276, 669. Irrespective of whether the prior order is a complete estoppel as such, the circumstances here impel us to refuse to review the action of the court in the exercise of its discretion to refuse a re-examination into facts previously heard. The situation is not far foreign to that upon a motion for a new trial or a rehearing. The showing requisite to allowance of a second determination is not present. No new evidence; no new question of law, which by the exercise of ordinary diligence could not have been presented originally, was tendered by the second application.

Irrespective of these principles, however, petitioners are estopped by their own conduct. The whole burden of their contention is that after the debtor's property had been reorganized and, in the regular course of such reorganization, by order of court, conveyed to a new corporation in which the bondholders of the debtor were to become stockholders, a lease authorized by the directors of the grantee of the debtor is void because the District Court approved it without notice to petitioners. We overlook, as unnecessary to be determined, the suggestion, very probably sound, that the provisions of the Bankruptcy Act regarding notice of proposed orders disposing of the debtor's property do not apply to orders of the court having to do with supervision of the operations of a new corporation which has been formed to receive and has received the debtor's assets. It may well be that a lease executed by such a company by its authorized representatives would need no confirmation by the District Court. But, if in the name of prudence, approval be sought in that court, it would seem obvious that such action

is not within the provisions of the Bankruptcy Act which require notice of proposed disposition of debtor's property, for it deals not with the debtor's property but with assets which have been conveyed under order of the District Court to another corporation.

Irrespective, however, of the lack of necessity of notice in the specific proceedings before us, the record discloses that petitioners did have actual notice and waived any formal notice of the hearing. Alice Olhausen was president and director of the corporation owning the property. She knew of the directors' authorization of the lease and at her request for a delay, in order that she and her mother might attempt to qualify as proposed lessees, the trustee and bondholders' committee waited for some days until their attorney reported that Mrs. Olhausen and her daughter were unable to obtain a commitment for a loan, that there was nothing further they could do and that the bondholders and the trustee should proceed, take the matter into court and procure an order approving the resolution to lease as previously adopted. He was then advised that such a petition would be presented at once and approval of the corporately authorized lease secured.

No clearer case of estoppel could exist. The law does not permit one to stand by in silence while, with his knowledge, judicial proceedings are in progress affecting his rights and withhold objections to alleged erroneous proceedings until certain bona fide rights have intervened and then challenge their validity on account of such error. He who remains silent when he ought to speak can not be heard to speak when he should be silent. Bank of United States v. Lee, 13 Pet. 107, 10 L.Ed. 81; National Nickel Co. v. Nevada Nickel Syndicate, Ltd., 9 Cir., 112 F. 44. The lessee whose lease is attacked has procured a mortgage loan with which to satisfy many thousands of dollars of delinquent taxes and these have been paid. He has expended in excess of $15,000 in rehabilitation of the property. Under equitable rules, and irrespective of other questions, petitioners are confronted by an estoppel created by their own inaction and express consent.

Despite the decisiveness of the application of the principles announced, we have examined all of the evidence and are of

the opinion that under all the facts no error was committed.

The order is affirmed.