Wilson Garment Manufacturing Company, Inc. for use of Hardware Mutual Casualty Company, Appellee, v. Thomas S. Edmonds and Henry Russell Platt, Jr., Trustees of 237 South Market Street Building, Appellants.

Gen. No. 41,498.

Heard in the second division of this court for the first district at the October term, 1940. Opinion filed December 30, 1941.

ANGERSTEIN & ANGERSTEIN, of Chicago, for appellants; THOMAS C. ANGERSTEIN, GEORGE W. ANGERSTEIN, CHARLES WOLFF and MARION J. HANNIGAN, all of Chicago, of counsel.

LICALZI & SILVERMAN, of Chicago, for appellee; LAURENCE A. LICALZI, NORMAN R. SILVERMAN and JOSEPH B. HIGGS, of Chicago, of counsel.

MR. JUSTICE FRIEND delivered the opinion of the court.

Plaintiff sued in tort, under the first paragraph of section 29 of the Workmen's Compensation Act, to recover $350 paid to one of its employees as a lump sum settlement for injuries sustained by him in the elevator of a building maintained and operated by defendants as trustees, in which plaintiff was a lessee. Pursuant to trial by the court without a jury, judgment was entered against defendants for $350 and

costs, and they seek by this appeal to reverse that judgment.

The essential facts disclose that defendants as trustees maintained and operated a seven-story building at 237 South Market street, Chicago, wherein plaintiff, Wilson Garment Manufacturing Company, occupied space on the sixth floor as lessee and conducted its business of manufacturing ladies' wearing apparel. Both plaintiff and defendants as trustees were subject to the terms and provisions of the Workmen's Compensation Act of this State. Abe Sirota was employed by plaintiff as a sewing machine operator. His hours of employment were from 8:30 in the morning to 4:30 in the afternoon. February 22, 1939, after concluding his work, Sirota, while descending in the elevator with other passengers, was injured through the negligence of defendants' servant. He was driven home by a friend, called his own doctor and did not return to work until about July 4, 1939. The morning following the accident Sirota reported his injuries to his employer and on the same day an investigator from the Hardware Mutual Casualty Company, which carried plaintiff's insurance, called to see him. Nothing was said about compensation but, when asked whether he wanted medical attention, he told the investigator that he preferred his own doctor.

Subsequently Sirota made a claim against the owners of the building and June 27, 1939, effected a settlement for $350, releasing the owners from all liability for his injuries. Up to that time he had not been paid any compensation by his employer. After making a settlement with the owners of the building and receiving the aforesaid amount, Sirota lodged a claim against plaintiff for compensation under the act and shortly thereafter a settlement contract was entered into between plaintiff and Sirota, wherein it was agreed that plaintiff, as his employer, would pay him $350. This settlement agreement, together with a

lump sum petition, was approved by the Industrial Commission on September 12, 1939, and the following day plaintiff paid the amount of the settlement through its insurance carrier, the Hardware Mutual Casualty Company. Plaintiff then brought this suit against defendants under section 29 of the Workmen's Compensation Act to recover the amount paid Sirota pursuant to the settlement agreement. Its suit is predicated on the theory that, since both plaintiff and defendants were at the time operating under and subject to the Workmen's Compensation Act, the injured employee had no right to recover for his injuries under sec. 29 except through his employer; that when his claim for compensation was filed with the Industrial Commission and settlement thereof approved by the commission and paid, plaintiff became entitled to recover from defendants, notwithstanding the fact that they had previously settled with the injured employee and obtained a release from him.

The first paragraph of section 29 of the Workmen's Compensation Act of Illinois, upon which suit is predicted (Ill. Rev. Stat. 1939, ch. 48, par. 166, sec. 29, p. 1585 [Jones Ill. Stats. Ann. 143.44]) provides: *"166. Injury caused under circumstances creating a legal liability in some person other than the employer —Liability.)* § 29. Where an injury or death for which compensation is payable by the employer under this Act was not proximately caused by the negligence of the employer or his employees, and was caused under circumstances creating a legal liability for damages in some person other than the employer to pay damages, such other person having also elected to be bound by this Act, or being bound thereby under section three (3) of this Act, then the right of the employee or personal representative to recover against such other person shall be transferred to his employer and such employer may bring legal proceedings against such other person to recover the damages sus-

tained, in an amount not exceeding the aggregate amount of compensation payable under this Act, by reason of the injury or death of such employee.''

Defendants' contentions are set forth at length in their motion to dismiss plaintiff's statement of claim, which was overruled by the court, and in their affidavit of merits thereafter filed. They take the position that their payment of $350 to Sirota in settlement of his claim against them, because of injuries suffered in the elevator of the building for which they were trustees, is a bar to plaintiff's action; that the personal injuries sustained by Sirota did not arise out of and in the course of his employment with plaintiff; that the settlement agreement entered into by plaintiff with Sirota and approved by the commission was not a finding for any compensation due him and did not constitute a fixing or determination of the amount of compensation under the terms of the act, but was merely a compromise of a disputed claim entered into for the purpose of avoiding litigation; and, therefore, they say that the first paragraph of sec. 29 of the act is not applicable to the circumstances of this case.

In interpreting the first part of section 29 of the Workmen's Compensation Act, the courts of this State have consistently held that where all parties are subject to the act, the common-law right of action of an employee against his employer or against any other person than his employer who is bound by the act, for negligently injuring him in the course of his employment, is abolished. *O'Brien v. Chicago City Ry. Co.*, 305 Ill. 244; *Havana Nat. Bank for use of Hartford Accident & Indemnity Co. v. Tazewell Club*, 298 Ill. App. 393; *Joseph Schlitz Brewing Co. v. Chicago Rys. Co.*, 307 Ill. 322. From the pleadings in this case it must be conceded that both plaintiff and defendants were subject to the act, and that Sirota's injuries were accidental. The other principal factor necessary to bring the parties within the act is the requirement that

the employee must have been injured in the course of his employment. The reasons assigned and the considerations forming the basis of the settlement contract entered into between plaintiff and Sirota, and approved by the Industrial Commission as set forth in the agreement, include the denial by plaintiff that Sirota's injuries arose out of and in the course of his employment, and it is said that "to avoid prolonged litigation, respondent [plaintiff] agrees to pay and petitioner [Sirota] agrees to accept the sum of $350 in a lump sum, in full of any and all claims . . . ." It would thus appear that after Sirota filed his claim against plaintiff before the Industrial Commission, the employer took the position that Sirota's injuries did not arise out of the course of his employment, and it may well be that defendants, in settling with Sirota, entertained the same views. Nevertheless, these considerations cannot be taken as decisive in determining whether Sirota's injuries actually arose out of the course of his employment, so as to make the first paragraph of sec. 29 inapplicable to this case; that question must be resolved from the admitted facts pertaining to Sirota's injuries, and the decisions of our courts construing the act under similar circumstances.

In *Schafer v. Industrial Commission*, 343 Ill. 573, the employer, a building contractor, was engaged in making certain improvements at the Dixon State Hospital. One of his employees who had finished work for the day proceeded to drive home in his own automobile, and, while the car was still on the hospital grounds and crossing a railroad track, it was struck by a passenger train and the employee was killed. The premises upon which the accident occurred did not belong to his employer but to the Dixon State Hospital and the question raised was whether his death arose out of and in the course of his employment. In discussing this question the court said: "The general rule followed in construing the Work-

men's Compensation act is that a person's employ-ment does not begin until he reaches the place where he is to work and that it does not continue after he has left that place. (Citing cases.) If, however, the employee is injured on the premises of the employer in going to or from the scene of his duties by a customary or permitted route within a reasonable time before or after work, the injury arises out of and in the course of the employment within the meaning of the Workmen's Compensation act, and the employee or his beneficiary in the event of his death, is entitled to compensation for the injury. (*Wabash Railway Co. v. Industrial Com.*, 294 Ill. 119; *Western Coal Co. v. Industrial Com.*, 296 id. 408; *Porter Co. v. Industrial Com.*, 301 id. 76; *Crane Co. v. Industrial Com.*, 306 id. 56; *Indian Hill Club v. Industrial Com.*, 309 id. 271; *Schweiss v. Industrial Com., supra* [292 id. 90].) . . .

"In the present case the nature and place of Trumble's [employee] employment contemplated the necessity for entrance to and exit from the hospital grounds. The private road through these grounds afforded a vehicle the only way or means of access to the barn under construction from the public highway. The use of the private road for entrance and exit by automobiles at appropriate times was incidental to Trumble's employment. The arbitrator, the Industrial Commission and the circuit court were justified in finding that the accidental injury which resulted in Trumble's death arose out of and in the course of his employment."

In *Hoffman v. Knisely Brothers,* 199 Ill. App. 530, plaintiff was employed by defendant and paid on an hourly basis. He was doing sheet metal work on the roof of a building in the course of construction, access to which was had from the floors of the building by means of a stairway. Hoffman worked until noon on the day in question, and, upon his return from lunch,

found that there was not enough work for all the men on the job for that day and advised his foreman that he was going to the shop and if there was no work there that he was going home. He proceeded to descend the stairway and on the way down fell over an open side of the stairway to the floor below and died as a result of injury received. The employer contended that these facts did not present a case indicating that Hoffman's injury arose out of and in the course of his employment, but the court held otherwise and said: ''In that [employer's contention] we do not concur. The leaving of the premises where he was employed was so closely connected with his employment as to render it a necessary incident thereof. As said in *Terlecki v. Strauss*, 85 N. J. L. 454 (4 N. C. C. A. 584): 'It is a necessary implication of the contract that the workman shall come to his work and shall leave with reasonable speed when the work is over.' In that case the employee suffered an accident while combing her hair in preparation to go home. The court said that while the employment was not the proximate cause of the accident 'it was a cause in the sense that, but for the employment, the accident would not have happened,' and held that the accident arose out of and in the course of the employment. It further said that it would be too narrow a construction to limit the benefit of the statute to the time the workman is actually employed. There can be little doubt that on authority the relation of master and servant could be deemed to have existed while the workman was getting out of the building where he had to go in his employment.''

The case of *Crane Co. v. Industrial Commission*, 306 Ill. 56, supports the views expressed in the foregoing decisions. It was there said: ''This court has said after a somewhat exhaustive review of the decisions, that the great weight of authority appears to be that if the injured employee was on the premises

of the employer in going from his work, leaving within a reasonable time and following the customary route off the premises, the accident will be held to arise out of the employment.''

We think the circumstances of the case at bar present the elements necessary to bring the employee within the general rule. Sirota, on the day in question, left plaintiff's shop immediately following the end of his day's work and followed the customary route for leaving the premises. The fact that his employer was not the sole tenant of the building and that other tenants and the public generally had a right to use the elevator is not of controlling importance. The essential fact is that Sirota had the right to use the elevator and that it was the only reasonable means provided for coming to and going from his work. We are therefore of opinion that, regardless of the provisions of the settlement agreement, the facts clearly indicate that the injuries to Sirota arose out of and in the course of his employment and that he was entitled to claim compensation therefor. The fact that it was a disputed claim does not alter the facts disclosed by the record; nor is it of controlling importance that the parties settled the disputed claim for the purpose of avoiding litigation. In all the decisions that we have had occasion to examine, the courts considered the facts and circumstances in each case to determine whether the injury was compensable under the act and the general trend of the decisions, as indicated in *Scholl v. Industrial Commission,* 366 Ill. 588, is that ''the Workmen's Compensation act should receive a liberal construction.''

It is urged, however, that payment of a lump sum settlement with approval of the commission is not a finding or determination of the amount of compensation legally payable under the act, where the settlement contract shows on its face that it was a compromise of a disputed claim made for the purpose

of avoiding litigation. Counsel for defendants argue that not only must compensation be legally payable to the injured employee so as to entitle his employer to recover against a negligent third party, but, in addition thereto, the amount of compensation payable must be fixed and determined; and they say that in the instant case there was no finding, award or determination by the commission of the amount of compensation due Sirota under the terms of the act but only the approval of a compromise settlement between the parties growing out of a disputed claim. If our conclusion is correct that this accident was compensable under the act because it was accidental and arose out of the course of Sirota's employment, the terms of the settlement agreement are of secondary importance. If Sirota was entitled to receive compensation for his injuries, any contrary views entertained by the parties or reasons assigned by them for compromising their differences should not militate against plaintiff's right to recover under the act.

Lastly, it is urged that the court erred in fixing plaintiff's damages at $350, the amount paid by plaintiff to Sirota under the terms of the settlement agreement. Defendants' counsel argue that the measure of damages in an action under the first paragraph of section 29 of the Workmen's Compensation Act is not the amount of compensation paid or payable by plaintiff employer but is the damages suffered by him, and that the amount recoverable shall not exceed the aggregate amount of compensation payable under the act; that proof of the amount of compensation paid by plaintiff does not fix the amount of damages but merely fixes the aggregate or maximum amount that may be recovered and the court, in case of trial without a jury, should fix the amount of damages to be recovered within the aggregate or maximum amount; and that it was, therefore, error for the court to enter judgment for the exact amount of compensation paid

when there is no evidence in the case showing the actual amount of damages sustained by Sirota. Defendants take the terms of the settlement contract as accurate and from that conclude that Sirota's average earnings were $18 a week, notwithstanding his testimony that his average weekly earnings were never less than $38. Then computing his loss on the basis of what Sirota would be entitled to under the Workmen's Compensation Act, namely, $9 a week for nineteen weeks, they say that the aggregate amount recoverable was $171; or in the alternative, if Sirota's testimony be taken as correct, the rate of compensation would be $15 a week, the maximum rate provided by the act, or an aggregate for the nineteen week period of $285. The determination of the measure of damages depends upon the construction of the first paragraph of sec. 29. This section was fully discussed in *Joseph Schlitz Brewing Co. v. Chicago Rys. Co.*, 307 Ill. 322, wherein the employer filed suit under the first paragraph of sec. 29 to recover from a third party for an injury to one of its employees after the employer had become liable to pay compensation. In that case all the parties, as here, were subject to the act. The court held that sec. 29, which provides that the employer shall be subrogated to the right of action which the employee has against a third party causing the injury, merely transfers to the employer the same cause of action which the statute takes from the employee and does not create a new cause of action in the employer. In discussing the amount of damages which the employer is authorized to sue for and recover the court said: ''The damage he [employer] is authorized to sue for and recover is the damage sustained by the employee, not exceeding the aggregate amount of compensation payable by the employer under the act.'' The common-law right of an employee was abolished when the act became effective. *O'Brien v. Chicago City Ry. Co.*, 305 Ill. 244. If, as held in the

*Joseph Schlitz Brewing Co.* case, *supra,* sec. 29 merely transfers to the employer the same cause of action which the statute takes from the employee and does not create a new cause of action in the employer, the inquiry arises as to what cause of action the employer acquires under the act. Under the common law the employee could have sued for and recovered all damage sustained by him for his injury and the only limitation for recovery by the employer under the act is that it shall not exceed the aggregate amount of compensation payable by the employer under the act. It therefore seems to us that if sec. 29 simply transfers to the employer the right of action taken from the employee, the employer would be entitled to recover the same elements of damages against defendants as the employee could have recovered at common law. This would include not only loss of time but also his medical bills and other expenses incurred. Taking the lesser figure of $18 a week as the basis for computing Sirota's damages, it would aggregate $342 for nineteen weeks, without taking into consideration his doctor's bill and other elements of damage. Therefore, the measure of damages fixed by the court, which does not exceed the aggregate amount paid by the employer, is not excessive. Sirota's testimony before the Industrial Commission sustains the finding of the court as to the measure of damages. Accordingly, we are of opinion the judgment of the trial court should be affirmed and it is so ordered.

*Judgment affirmed.*

SCANLAN, P. J., and SULLIVAN, J., concur.