(No. 26563.—

KATRINA THORNTON, Admx., Appellee, *vs.* HOOVER HERMAN, Appellant.

*Opinion filed September 21, 1942.*

SONNENSCHEIN, BERKSON, LAUTMANN, LEVINSON & MORSE, (ISAAC E. FERGUSON, and JACK I. LEVY, of counsel,) for appellant.

J. HAYDEN MACDONALD, and ANDREW J. FARRELL, for appellee.

Mr. JUSTICE MURPHY delivered the opinion of the court:

A trial with a jury in the superior court of Cook county resulted in a verdict and judgment for plaintiff for $10,000. On defendant's appeal to the Appellate Court the judgment was affirmed. [311 Ill. App. 513.] Leave to appeal to this court was granted.

There is but one question presented and the facts necessary to be considered in disposing of that question have been stipulated. Plaintiff's intestate, William Pendley Thornton, was an employee of Cassity-Richards, Inc., and while engaged in the line of his employment he received injuries which caused his death. The employment being subject to the Workmen's Compensation act, (Ill. Rev. Stat. 1941, chap. 48, par. 138, *et seq.*) the Industrial Commission fixed an award aggregating $5625.90 for the benefit of Thornton's widow and his four minor children. The conclusion to be drawn from the stipulation is that the negligent acts of defendant, Hoover Herman, caused Thornton's injuries and that they were committed while engaged in the line of his duties as an employee of R. R. Donnelley & Sons Company. It is stipulated that the Donnelley Company and defendant were, as to such employment, operating under the Workmen's Compensation act.

Plaintiff, as the personal representative of the estate of Thornton, brought this action against Herman to re-

cover damages under the Injuries act. (Ill. Rev. Stat. 1941, chap. 70.) Cassity-Richards, Inc., instituted an action in the circuit court of Cook county against R. R. Donnelley & Sons Company and Hoover Herman to recover the amount of the award allowed for the death of their employee. The Cassity-Richards cause is pending and undetermined.

The sole question presented is as to plaintiff's right to maintain her action for damages under the Injuries act. Defendant contends that since Cassity-Richards Company and its employee Thornton, and R. R. Donnelley & Sons Company and its employee Hoover Herman were as to their respective employments under the Workmen's Compensation act, plaintiff's right of action against defendant as a negligent third party is by virtue of section 29 of the act transferred to Cassity-Richards, Inc., and that plaintiff has no right to maintain any further action. Plaintiff concedes that any right of action she might have had under the Injuries act against R. R. Donelley & Sons Company is by virtue of section 29 transferred to Cassity-Richards, but contends that the defendant, an employee of the Donnelley Company, is not a "person bound" in the meaning of section 29, and that therefore she can maintain this action.

Where employer and employee are subject to the act, section 6 directs that any employee who receives injuries while engaged in the line of duty is limited in recovery of compensation to the amount fixed by the Compensation act and that any right of action he might have had at common law or the statute, is no longer available to him. In construing this section, it has been held that it applies only to the right of the employee as against the employer. *O'Brien* v. *Chicago City Railway Co.* 305 Ill. 244.

Section 29 deals with the right of an injured employee to maintain an action against a third party whose negligence caused the injury. The pertinent parts are: "Where an injury or death for which compensation is payable by the

employer under this act was not proximately caused by the negligence of the employer or his employees, and was caused under circumstances creating a legal liability for damages in some person other than the employer to pay damages, such other person having also elected to be bound by this act, or being bound thereby under section 3 of this act, then the right of the employee or personal representative to recover against such other person shall be transferred to his employer and such employer may bring legal proceedings against such other person to recover the damages sustained, in an amount not exceeding the aggregate amount of compensation payable under this act, by reason of the injury or death of such employee."

The second paragraph of section 29 makes provision for prosecuting an action against the negligent third person where such third person has elected "not to be bound by this act." Under such circumstances, the injured employee may prosecute an action for damages against such negligent third party. Further provision is made for reimbursing the employer of the injured employee for any amount that he has been required to pay as compensation under the act.

Section 29 divides negligent third parties into two classes, namely: those that are bound by the act and those that are not. It is definitely settled by the various cases in which section 29 has been construed that an injured employee can not maintain a cause of action against a negligent third-party employer who is bound by the act. (*Keeran* v. *Peoria, Bloomington and Champaign Traction Co.* 277 Ill. 413; *O'Brien* v. *Chicago City Railway Co. supra.*) The cause of action which the injured employee has is by operation of the statute transferred to his employer and he is limited in his right of recovery to the amount of the award for which he has become liable.

The many cases where section 29 has been construed were analyzed in *O'Brien* v. *Chicago City Railway Co. supra,* and a summary of the holdings of the several cases is stated in the following language: "From these cases it

appears that we have held (1) that the common law right of action of an employee against his employer for negli-. gently injuring him in the course of his employment is abolished; (2) that the common law right of action of an employee against any other person than his employer for negligently injuring him in the course of his employment where such other person is bound by the provisions of the Workmen's Compensation act is abolished; (3) that the common law right of action of an employee against any other person than his employer for negligently injuring him in the course of his employment where such other person is not bound by the provisions of the Workmen's Compensation act is not affected by the act but is preserved in its full extent to the employee; (4) while the right of action against the person negligently causing an injury who is not bound by the provisions of the act is unaffected by it, the employer who is free from negligence is entitled to indemnification from the proceeds of such cause of action for the compensation he is bound to pay; and the cause of action may be prosecuted in the name of either the employer or the employee, but in either case is for the benefit of both, in accordance with their respective rights; (5) that in cases of negligent injury caused by a person not bound by the act, the injured employee is not put to his election between compensation under the statute and damages at common law but may prosecute the common law action and the statutory claim for compensation at the same time."

The specific question is as to whether the defendant as a negligent third party is "such other person having also elected to be bound by this act or being bound thereby under section 3 of this act" within the meaning of that phrase as used in the statute. The part of the phrase which refers to the election to be bound by the act, or being bound thereby under section 3, is of no significance in this case, for by the stipulation the defendant was as to his employment bound by the act. Had he received accidental injury in the course of his employment, his right to recover

compensation from Donnelley & Sons Company was controlled by the act. Any right of recovery he would have had at common law or by the Injuries act against his employer or a negligent third party who was bound by the act was supplanted by the provisions of the Compensation act. It is clear that as to such matters he was bound by the act.

It is argued that the statute should be construed as distinguishing between being bound by the act to pay compensation and being bound by the act in reference to right of recovery for accidental injury. If such construction was applied, the statute in effect would read that a person bound by the act was a person who was by the act required to pay compensation. We find nothing in any of the sections of the act which will support such a construction. "Bound by the act" as applied to employees means that in the right to recover damages for accidental injury the provisions of the Compensation act control.

The briefs contain citations of many cases from the courts of last resort in other jurisdictions. The principles involved in some of them were referred to in the *O'Brien case, supra.* Other cases are based upon statutes giving an injured employee the right to elect to sue the negligent third party for damages or to claim compensation. Such cases are not in point. In others the statutes construed are so variant from section 29 that they can not be considered.

Since the defendant was a "person bound" by the act within the meaning of section 29, then the right of action that plaintiff had against him as a negligent third party was under said section transferred to the injured employee's employer, Cassity-Richards, Inc., and its measure of damages was limited to the amount of compensation for which it became liable.

The judgments of the Appellate Court and the superior court are reversed. *Judgments reversed.*