Thomas F. Kenney, Appellee, v. Fred Mozin and Benjamin Gold, Copartners, Trading as G. and M. Hardware and Paint Store et al.
Appeal of Edward Caplan, Appellant.

Gen. No. 42,377.

Opinion filed May 1, 1944.

Charles T. Shanner, of Chicago, for appellant; Gardner, Carton & Douglas and James A. Velde, all of Chicago, of counsel.

James H. Turner, Lloyd T. Bailey and J. Theo. Kiggins, all of Chicago, for appellee.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

By this appeal the defendant, Edward Caplan, seeks to reverse a judgment for $2,500 entered on the verdict of a jury in a personal injury case.

The record discloses that plaintiff brought an action against Fred Mozin and Benjamin Gold, co-partners doing business as G. & M. Hardware and Paint Store, and Edward Caplan, to recover damages for personal injuries sustained by him on the claimed negligence of defendants, as a result of a collision between an automobile truck driven by plaintiff west in 49th street and another automobile truck belonging to defendants, Fred Mozin and Benjamin Gold and driven by the defendant, Caplan, south in Prairie avenue, Chicago. At the time of the accident plaintiff was employed by the South Side Laundry Company, a corporation, and the defendant, Caplan, was in the employ of the co-partnership.

The defense interposed by defendants was that the action could not be maintained because all of the parties were under the Workmen's Compensation Act. The court sustained this defense of the partnership but overruled the defense as to the defendant Caplan. The case was then tried before a jury as against the defendant, Caplan, and there was a verdict and judgment as above stated.

Caplan contends that the judgment is wrong and should be reversed because all of the parties were under the Workmen's Compensation Act and therefore plaintiff could not maintain a common law action. On the other hand counsel for plaintiff say that the provisions of the Workmen's Compensation Act do not apply to the defendant, Caplan, for the reason that the jury answered a special interrogatory in the affirmative that defendant was guilty of willful and wanton misconduct and they say that "Judgment in tort based upon a special finding of the jury of malice is a

separate and distinct recovery with separate and distinct remedies from an ordinary judgment in tort.'' We think this contention cannot be sustained. Section 6 and section 29 of the Workmen's Compensation Act. Ill. Rev. Stat. 1943, ch. 48, pars. 143 and 166 [Jones Ill. Stats. Ann. 143.21, 143.44].

Section 6 provides: "No common law or statutory right to recover damages for injury or death sustained by any employe while engaged in the line of his duty as such employe, other than the compensation herein provided, shall be available to any employe who is covered by the provisions of this act.'' Section 29 provides: "Where an injury or death for which compensation is payable by the employer under this Act was not proximately caused by the negligence of the employer or his employees, and was caused under circumstances creating a legal liability for damages in some person other than the employer to pay damages, such other person having also elected to be bound by this Act, and being bound thereby under section three (3) of this Act, then the right of the employee or personal representative to recover against such other person shall be transferred to his employer and such employer may bring legal proceedings against such other person to recover the damages sustained, in an amount not exceeding the aggregate amount of compensation payable under this Act, by reason of the injury or death of such employee.'' There is no provision of the Act which excludes a person whose willful and wanton misconduct causes injury to another. And we think it clear that the defendant, Caplan, was relieved from liability imposed by the common law whether his conduct for which liability was sought to be imposed, was negligence or willful and wanton misconduct. *Thornton v. Herman,* 380 Ill. 341.

The court erred in striking paragraphs 10, 11, 12 and 13 from defendant's answer which set up that all parties were bound by the Compensation Act, and the

judgment of the superior court of Cook county is reversed and the cause remanded.

*Reversed and remanded.*

NIEMEYER and MATCHETT, JJ., concur.