**BITUMINOUS TRUCKING & EQUIPMENT CO., Inc., for Use of LIBERTY MUT. INS. CO. v. DELTA AIR LINES, Inc.**

No. 10306.

United States Court of Appeals Seventh Circuit.

May 18, 1951.

Rehearing Denied June 13, 1951.

Duffy, Circuit Judge, dissenting.

L. H. Vogel, George C. Bunge, Chicago, Ill. (B. S. Quigley, Chicago, Ill., of counsel), Don A. Banta, Chicago, Ill., for appellant.

Howard A. Brundage, Charles F. Short, Jr., and P. Sveinbjorn Johnson, all of Chicago, Ill., for appellee.

Before DUFFY, FINNEGAN and LINDLEY, Circuit Judges.

LINDLEY, Circuit Judge.

This is an appeal from a summary judgment for defendant in an action brought by plaintiff, for the use of its compensation insurance carrier, to recover the amount of workmen's compensation awarded by the Illinois Industrial Commission to the widow and minor children of plaintiff's employee killed in an airplane accident. The complaint contained averments of negligence on the part of defendant Air Lines, Inc., and freedom from contributory negligence on the part of the employee, Wilken; it further averred that the latter, at the time of the accident, was acting within the scope of his employment; that both plaintiff and defendant were operating under and bound by the provisions of the Illinois Workmen's Compensation Act, Ill. Rev.Stats. Ch. 48, § 138 et seq.; that Wilken's widow had filed with the Illinois Industrial Commission her claim for compensation for herself and her two minor children, and had been awarded compensation in the sum of $20.80 per week for a period of 300 weeks; that plaintiff had thereby

become liable to pay the compensation so awarded; that, under Section 29 of the Illinois Workmen's Compensation Act, Ill. Rev.Stats. Ch. 48, § 166, defendant became liable to plaintiff in the amount of ·such compensation and that plaintiff was, therefore, entitled to judgment against defendant in the amount of $6240 and costs.

Defendant filed its motion for summary judgment, asserting as grounds therefor that, (1), plaintiff's claim was barred by a release executed by the deceased employee's widow; (2), plaintiff was estopped from asserting its claim by virtue of its having acted as adviser and counsellor to Mrs. Wilken in the course of her settlement negotiations with defendant; (3), plaintiff had waived whatever rights it may have possessed against the defendant; (4), Mrs. Wilken acted as plaintiff's agent in the settlement negotiations with defendant; (5), the complaint was defective on its face, and, (6), plaintiff's failure to comply with the 90 day notice proviso of the applicable Tariff Regulations barred its claim. Attached to defendant's motion were various affidavits and exhibits, including a transcript ·of a portion of the testimony taken before the Arbitrator designated by the Illinois Industrial Commission. Counter affidavits were filed by plaintiff, and the abstract of record in the compensation case was, by agreement, received as the equivalent of a certified transcript of the entire record therein. The District Court allowed the motion and entered judgment in favor of defendant. Plaintiff maintains that the court erred in so doing; it urges that this case is one which presents questions which can not properly be decided on motion for summary judgment, and insists that, in any event, the grounds relied on to sustain the judgment are legally untenable.

From the affidavits and exhibits, it appears that, shortly after the crash in which plaintiff's employee was killed, an investigator hired by defendant interviewed Mrs. Wilken and that, on the basis of the information obtained from her, which was to the effect that Wilken was going to Florida to pick up a car which belonged to his employer, defendant's attorney, Lang-don, concluded that the Workmen's Compensation Act had no application to the accident and offered Mrs. Wilken $7500 in settlement of her potential wrongful death claim against defendant. This offer was subsequently increased, first, to $8000 and, ultimately, to $10,000, which amount she accepted and for which, as administratrix of the estate of her deceased husband, she executed a release of all rights and claims against defendant. Throughout the settlement negotiations, Mrs. Wilken was in constant contact with plaintiff's president, Mangold, who told her that defendant's original offer was not enough but, according to Mrs. Wilken's testimony before the Arbitrator, advised her to accept the $10,-000 offer and said "that he would make up the difference between $15,000", the maximum recovery allowable under the Illinois Wrongful Death Act, Ill.Rev.Stat.1949, c. 70, §§ 1, 2. Mangold denied making this statement, but did testify that he told Mrs. Wilken she could either collect workmen's compensation or make claim against defendant, but that she could not do both. There was, during this period, no contact between representatives of plaintiff and those of defendant, and the latter's attorneys were never aware of the conversations between Mangold and Mrs. Wilken.

Approximately five months after consummation of her settlement with defendant, Mrs. Wilken filed her claim against plaintiff under the Workmen's Compensation Act. It was resisted by the employer on the ground that Wilken's death had not arisen out of or in the course of his employment, and on the further ground that the employer was entitled to credit for the moneys received by Mrs. Wilken out of her settlement with defendant, a contention which would appear to be not without merit in the light of certain language appearing in the opinions in such cases as O'Brien v. Chicago City Ry. Co., 305 Ill. 244, 255, 137 N.E. 214, 27 A.L.R. 479, and In re Shields' Estate, 320 Ill.App. 522, 532, 533, 51 N.E.2d 816. The Arbitrator, however, awarded Mrs. Wilken and her minor children compensation in the amount of $20.80 per week for 300 weeks and denied plaintiff any credit ·for the sums

received by Mrs. Wilken in the settlement with defendant. The Industrial Commission approved and affirmed the award, as did the Superior Court of Cook County on writ of *certiorari,* and the Illinois Supreme Court denied plaintiff's petition for writ of error.

The instant action was filed by plaintiff subsequent to the decision of the Arbitrator in the Workmen's Compensation proceeding but prior to the Industrial Commission's affirmance thereof. The court below, in granting defendant's motion for summary judgment, expressed its conviction that, "from an equitable standpoint", plaintiff had no right to recover from defendant the amount of workmen's compensation awarded Mrs. Wilken, defendant having already paid out $10,000. The court did not elaborate upon the equitable principle on which it relied,—defendant asserted both estoppel and waiver in its motion for judgment,—but, obviously, the judgment must be affirmed if sustainable on any of the grounds asserted by defendant. Plaintiff, however, maintains that there can be no estoppel in this case for the reason that defendant, in settling with Mrs. Wilken, did not rely on any act or misrepresentation of plaintiff, and, further, that because a waiver must, in the absence of a valuable consideration, be supported by conduct constituting an estoppel, it has not waived its rights against defendant.

■ Section 29 of the Illinois Workmen's Compensation Act expressly provides that, where the injury or death of an employee is not caused by the employer's negligence but occurs under circumstances creating a legal liability against a third party also bound by the Act, "then the right of the employee or personal representative to recover against such other person shall be transferred to his employer and such employer may bring legal proceedings against such other person to recover the damages sustained, in an amount not exceeding the aggregate amount of compensation payable under this Act * * *." Ill.Rev.Stats. Ch. 48, Sec. 166. It has been held, in cases where the employer, employee and negligent third party are all bound by the Act, that this stat-ute abolishes the employee's common-law right of action against the negligent third party causing his injury, O'Brien v. Chicago City Ry. Co., 305 Ill. 244, 137 N.E. 214, 27 A.L.R. 479, transfers it to his employer, Joseph Schlitz Brewing Co. v. Chicago Rys. Co., 307 Ill. 322, 138 N.E. 658; Thornton v. Herman, 380 Ill. 341, 43 N.E. 2d 934, and places it beyond the employee's power to release, Wilson Garment Manufacturing Co. v. Edmonds, 312 Ill.App. 317, 38 N.E.2d 534. Thus it appears that, inasmuch as both plaintiff and defendant were bound by the Act, Mrs. Wilken never had a claim against defendant growing out of her husband's death but was restricted to her remedy under the Workmen's Compensation statute, and that the only right of action against defendant belonged to plaintiff, Wilken's employer. Moreover, although plaintiff maintains that, at the time of defendant's settlement with Mrs. Wilken, none of the parties knew or even believed that the case fell within the purview of the compensation statute and that the defendant acted voluntarily in settling what it regarded as a potential wrongful death claim against it, plaintiff, as the employer, who was responsible for sending Wilken to Florida and had made all the arrangements for his transportation, certainly had knowledge of the facts and circumstances relating to his status at the time of the accident and, possessing such knowledge, must be presumed to have known the law applicable to those facts and circumstances, i. e., that the injury was within the Act and that the only claim against defendant belonged not to Mrs. Wilken but to plaintiff itself. That this presumption is not unrealistic is apparent from Mangold's own testimony that he read Section 29 of the Act to Mrs. Wilken and advised her that "she would either have to elect to receive benefits or claim under the Workmen's Compensation Act or start a civil suit against the Air Lines, but in no case could she be awarded both claims and get it. If she got one, she would subrogate her rights to the other", all of which indicates clearly that, although he was mistaken as to the law, he did believe that the Act was applicable in this case. And, while it may well be

that defendant, had it made more than a cursory investigation, might have ascertained the true facts with respect to Wilken's status at the time of the crash, the fact remains that plaintiff had actual knowledge of those facts and, knowing them, conferred with Mrs. Wilken and permitted her to accept settlement of a claim which it must have known belonged not to her but to it. Under these circumstances, it would be unconscionable to allow plaintiff, in the light of its role in the settlement negotiations, to assert now its claim against defendant which it has knowingly permitted the administratrix to release. We can only conclude that plaintiff, by its past conduct, has effectively waived whatever rights it may once have had against defendant and can not now be heard to assert them. The language of the Supreme Court in Bank of the United States v. Lee, 13 Pet. 107, 118, 10 L.Ed. 81, is not inapplicable: " * * * if the true owner stands by, and does not make his title known, he will be bound to make good the contract; on the principle that he who holds his peace when he ought to have spoken, shall not be heard, now that he should be silent." Cf. In re Walton Hotel Co., 7 Cir., 116 F.2d 110, 112.

◼ Plaintiff asserts that, because defendant had no knowledge of and did not act in reliance upon plaintiff's role in the settlement negotiations, there can be no estoppel raised against it and that, in the absence of an estoppel, it can not be said to have waived its rights against defendant. The short answer to this is that an estoppel may arise out of inaction and consent as well as from active misrepresentation, In re Walton Hotel Co., 7 Cir., 116 F.2d 110, 112, and that, as stated in 67 Corpus Juris, at page 295, "the doctrine of waiver does not necessarily depend on estoppel (citing cases) or misrepresentation; (citing cases)" but may be applied where the party against whom it is invoked is chargeable with "such conduct as warrants an inference of the relinquishment of such right; (citing cases) or the intentional doing of an act inconsistent with claiming it (citing cases)." 67 C.J. 291. The conduct of plaintiff in this case was clearly within the principles stated. Consequently, the District Court did not err in entering judgment against it.

◼ Plaintiff, insisting that the disposition of this case on motion for summary judgment was improper, correctly asserts that "it is not the function of summary judgment procedure to try a case on affidavits" and that "If the affidavits disclose any substantial issue of fact, the motion must be denied", but it nowhere points to any specific issue which it conceives to be a "substantial issue of fact"; on the contrary, it concedes that defendant, "by failing to file an answer, has admitted all of the allegations of the complaint * * *." Consequently, inasmuch as neither the affidavits of defendant nor plaintiff's counter affidavits raise a genuine issue as to any material fact,[1] the contention that this case was improperly disposed of on motion for summary judgment, pursuant to the provisions of Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A., must be rejected.

The judgment is affirmed.

DUFFY, Circuit Judge (dissenting).

The majority opinion is based upon the presumption that plaintiff's president, Mangold, had some information which he in fact did not possess. Plaintiff is held guilty of something or other for not preventing defendant's general counsel from negotiating a settlement with Mrs. Wilken. If plaintiff's president, a layman, was presumed to know the law, so too was the defendant's general counsel, a lawyer.

After an independent investigation of the facts, defendant and its general counsel endeavored to cover what it considered its most dangerous potential liability by seeking out Mrs. Wilken and effecting a

---

1. Although Mangold denies that he told Mrs. Wilken to accept the $10,000 and that he would make up the difference between that amount and $15,000, this is wholly immaterial; the material fact, and it is not in issue, is that he knew of and tacitly, at least, assented to the settlement agreement entered into between Mrs. Wilken and defendant.

compromise settlement on a potential claim for $15,000. Defendant had considered and rejected the possibility that Mrs. Wilken might have a claim under the Illinois Workmen's Compensation Act. The proposed settlement was defendant's own idea and was in no way induced by the plaintiff or its president. The defendant was not misled by anything that plaintiff's president, Mangold, said or did. Nevertheless this court adopts the very unrealistic view that Mangold was under a duty to speak out and give the defendant information which as a matter of fact he did not possess.

The settlement between Delta Airlines and Mrs. Wilken had been consummated for some six months prior to the time that she filed her claim under the Workmen's Compensation Act. It was a great surprise to both the general counsel of defendant and to the president of plaintiff when an award was made to Mrs. Wilken and later sustained by the courts notwithstanding her prior settlement with Delta.

On the evening of the day when Mangold learned of Wilken's death, he went to the Wilken home, but found Mrs. Wilken was in a state of shock. He visited her again the next night and told her that the plaintiff wanted to do something for the family on a voluntary basis, and the company thereafter did send Mrs. Wilken a weekly check for $50 until some $750 or $800 had been paid, which was the equivalent of the funeral bill. Mangold did later learn of Delta's offer to Mrs. Wilken, and as a matter of friendly advice to the widow of one of his company's employees, did suggest that she hold out for $10,000, but all that was done was in the utmost good faith. Delta knew nothing of Mangold's conversations with Mrs. Wilken and in no way relied upon them. The defense of estoppel fails. Delta did not change its position in reliance on some act or representation of the plaintiff or Mangold. 31 C.J.S., Estoppel, § 70, p. 267. Likewise there was no waiver, as in law a waiver is an intentional waiver of a known right with knowledge that such right existed. 56 Am.Juris., p. 102. The rule is that waiver of a right or privilege is not pre-

sumed and will not be implied from slight circumstances. 56 Am.Juris., p. 123.

Mrs. Wilken received more than that to which she was entitled, but this was due to a mistake in defendant's legal analysis. I think the judgment should be reversed.