# Frank T. Miller, Administrator, Appellant, v. I. C. Pink= ney et al., Appellees.

## Gen. No. 5491.

ADMINISTRATION OF ESTATES—*when administrator may recover sum received in settlement of action for causing death of intestate.* Attorneys who have prosecuted an action to recover for the death of an administrator's intestate, upon compromising such action should not undertake to distribute the proceeds recovered but should turn the same over to the administrator for distribution by him. If such attorneys do make a distribution and it appears not to have been such a distribution as should have been made, the administrator may recover the full amount obtained in compromise, and such attorneys must seek their relief by appropriate order in the probate court.

Assumpsit. Appeal from the Circuit Court of Peoria county; the HON. N. E. WORTHINGTON, Judge, presiding. Heard in this court at the April term, 1911. Reversed with judgment here. Opinion filed October 13, 1911.

JOHN S. STEVENS and JOHN M. ELLIOTT, for appellant.

WINSLOW EVANS, for appellees.

MR. PRESIDING JUSTICE GEORGE W. THOMPSON delivered the opinion of the court.

This suit was begun in September, 1909, by Frank T. Miller, administrator of the estate of Morris C. Keliher, deceased, against I. C. Pinkney and W. G. McRoberts, partners, to recover the sum of $1,000 received by them on the settlement of a suit against the Peoria Gas and Electric Company in which Frank T. Miller, administrator, etc., was plaintiff. The declaration alleges that the defendants were the attorneys for the plaintiff to recover damages from the Peoria Gas

and Electric Company for negligently causing the death of plaintiff's intestate, and that the defendants settled and compromised said proceedings and received the sum of $1000 and so became indebted to the plaintiff; it also contains the common counts. The plea was the general issue. The case was tried by the court without a jury and judgment rendered in favor of plaintiff for $1 from which judgment the plaintiff appeals.

The record shows that Morris C. Keliher was killed by an electric wire of the Peoria Gas and Electric Company. The deceased was unmarried and left surviving him neither father nor mother but three brothers and five sisters all non-residents of Illinois. Frank T. Miller, public administrator, was in June, 1905, appointed administrator of the estate of the deceased and a suit was brought by S. C. Pinkney and W. G. McRoberts, a law firm doing business as Pinkney & McRoberts, in the name of the administrator of the deceased against the Peoria Gas and Electric Company to recover damages for the benefit of the next of kin for the wrongful death of the decedent. The amended declaration in that case, filed in November, 1905, alleged the names of seven of the next of kin and that of them Elizabeth Keliher, Eugenia Keliher and Ida May Keliher have been and are by the death of Morris C. Keliher deprived of their means of support. Frank Keliher, one of the next of kin, died in April, 1906, unmarried. In January, 1908, a settlement was made out of court by Pinkney & McRoberts with the consent of Elizabeth Keliher, one of the next of kin. Pinkney & McRoberts received $1000 in the settlement and after deducting $100 for their services as attorneys and paying $49.28 costs, paid the balance in their hands to Elizabeth Keliher and dismissed the suit in June, 1908. The settlement with the Gas and Electric Company, the payment of the money and the dismissal of the suit were without the knowledge or consent of

either the administrator or the probate court. The public administrator is unable to secure his discharge as such administrator and has not received any of the proceeds of the settlement nor any receipts or vouchers or any accounting from the parties, except statements made by Pinkney that the proceeds had been turned over to the next of kin. The administrator as soon as he learned of the settlement offered to relinquish all claim for commissions and endeavored to secure through Pinkney & McRoberts final receipts from the next of kin with a waiver of notice and entry of appearance of the next of kin and made repeated efforts to have the defendants get the consent of the next of kin of the deceased that he might procure his discharge as such administrator. Pinkney & McRoberts took the position and still contend that they represented the heirs, and that they had the right to settle the suit and pay over the money without the consent or approval of the administrator or the probate court, and that such officials have no concern in the settlement of the suit or distribution of the proceeds of such suit.

A proceeding to recover compensation for causing death by a wrongful act, neglect or default can only be maintained by virtue of the statute. The act providing for such compensation for the next of kin was passed in 1853, and has remained without any material change to the present time (Session Laws, 1853, p. 97; Starr and Curtis's Statutes and Hurd's Statutes, Chapter 70.) The act provides that the action shall be brought by the personal representatives "and the amount recovered in every such action shall be for the exclusive benefit of the widow and next of kin of such deceased person, and shall be distributed to such widow and next of kin, in the proportion provided by law in relation to the distribution of personal property left by persons dying intestate." This act was construed in City of Chicago v. Major, 18 Ill. 349. The evidence shows that the only next of kin of the deceased were his brothers

and sisters. They are each entitled to an equal share of the amount recovered after the payment of the costs and expenses. If the brother who died subsequent to the bringing of the suit, died unmarried and intestate and left no children or debts then his share would descend to his brothers and sisters. The appellant as administrator gave a bond for the performance of his duty. He as such administrator was the only party in whose name the suit could be maintained and had the right to control the disposition of the suit. Washington v. L. & N. Ry. Co., 136 Ill. 49. Where pending the suit a settlement was made it is the duty of the administrator to see that the proceeds of such settlement are placed in the hands of the parties who are lawfully entitled to them. Perry v. Carmichael, 95 Ill. 519. It was the province of the Probate Court to apportion the amount recovered amongst the parties entitled thereto on proper notice to the parties interested. B. &. O. S. W. Ry. Co. v. Then, 159 Ill. 535.

On the trial of the case the defendants offered in evidence a receipt for $850.72 to Pinkney & McRoberts dated March 31, 1910, purporting to be signed at Los Angeles, California, by Ida Mary Keliher and Elizabeth Keliher but not by any of the other next of kin. The declaration against the Gas and Electric Co. alleged that the next of kin were his brothers, Frank Keliher and Sylvester Keliher, and his sisters, Mary E. Bow nee Keliher, Elizabeth Keliher, Alice Keliher, Eugenia Keliher and Ida Mary Keliher. In the deposition of Elizabeth Keliher taken in this cause it is shown that there is another brother, George Keliher, that the defendants in this case did not know of when the settlement was made with the Gas and Electric Company. It is clear that a distribution should only be made by the administrator after an adjudication by the probate court.

The defendants in making the settlement without the consent of the administrator acted illegally. There ap-

pears to have been the consent of only two of the next of kin to the settlement. What may be the effect if the others, next of kin, object to the settlement is not before us. Although it is contended that the others have consented that the proceeds should be paid to three of the sisters, there is no competent proof on that question. If some of the next of kin and the attorneys in a case may act as the defendants have in this case, and not be liable to the administrator who must render an account to the probate court and pay the proceeds as ordered by that court, then grave abuses and illegal practices would result, and no responsible party would venture to act as an administrator or go on an administrator's bond. It is clear that these defendants must pay the money received on the settlement to the administrator, and the defendants must obtain relief from the position in which they have placed themselves by some proper order in the probate court, so far, if at all, as it may appear that they are lawfully entitled to relief. The judgment will be reversed, and judgment will be entered in this court in favor of the appellant against the appellees for $1000 with costs.

*Reversed with judgment in this court.*

Finding of facts to be incorporated in the judgment: We find from the evidence that I. C. Pinkney and W. G. McRoberts, partners as Pinkney & McRoberts, appellees herein, are justly indebted to Frank T. Miller, as administrator of the estate of Morris C. Keliher, deceased, appellant herein, in the sum of $1000 for moneys collected for appellant as his attorneys, and that appellees were so indebted to appellant when appellant began this suit against appellees in the court below.