City of Chicago, Appellant, v. Frank Pizel, Appellee.
Gen. No. 42,049.

Heard in the first division of this court for the first district at the December term, 1941. Opinion filed July 1, 1942.

BARNET HODES, Corporation Counsel, for appellant; JAMES A. VELDE, MICHAEL W. KAVENEY, ADAM E. PATTERSON and LOUIS H. GEIMAN, Assistant Corporation Counsel, of counsel.

ELEANOR WATERS WALSH, of Chicago, for appellee.

MR. PRESIDING JUSTICE MATCHETT delivered the opinion of the court.

Plaintiff filed suit based on section 29 of the Workmen's Compensation Act. (Smith-Hurd's Ann. Stats., ch. 48, par. 166, p. 643 [Jones Ill. Stats. Ann. 143.44].) Defendant made a motion to strike, supported by affidavit. The motion was sustained, and the suit dismissed with judgment, and plaintiff appeals.

The material facts in brief are that the City and its employees are under the Act; that on February 6, 1939, Hynan, an electrician employed by the City, was

injured through the negligence of Pizel in driving an automobile; that Hynan promptly gave notice to the City and claimed compensation, which was in due course awarded to him and up to September 6, 1940, the City had paid such compensation to the amount of $1,260; that on September 7, 1940, Hynan died but not because of his injuries; that his widow, Emma, petitioned and secured an order from the Industrial Commission directing the payment of the remainder of the compensation to her and their child, Mary; that Emma Hynan, the wife, and Mary, the daughter, were Hynan's only heirs-at-law and next of kin, and that by his death they were damaged in their means of support to the amount of $5,000; that plaintiff has paid compensation and medical expenses to Hynan and his widow in the total amount of $2,880.85, and that appropriations have been duly made to that end; that defendant Pizel was never under the Workmen's Compensation Act; that he is neither an employer nor employee; that he never "elected not to be bound by the Act" in any method prescribed by the statute; that he was without the Act by reason of actual circumstances; that plaintiff has been damaged in the sum of $2,880.85, and filed this suit on February 4, 1941, to recover that amount.

Section 29 of the Workmen's Compensation Act is in five paragraphs. It states the law applicable when an employee is injured by a third party. The first paragraph in substance says that where a workman under the Act is injured by the negligence or fault of a third party who is also under the Act, and neither the employer (also under the Act) nor his workmen under him are negligent with respect thereto, the employer may recover from the third party the compensation paid. The amount of recovery is strictly limited to the amount paid as compensation. The second paragraph states the law applicable where an employee under the Act is injured by the negligent act of

a third party "having elected not to be bound by the Act," and neither employer (under the Act) nor his workmen are negligent. In such case, the statute in subsequent paragraphs provides in substance that the third party may be sued as at common law either by the employee or by the employer who has paid compensation, in case the employee fails to bring such action for the damages sustained.

The difficulty of construing the paragraph is found in the phrase "having elected not to be bound by the Act." If we have regard to the literal words of this clause, defendant Pizel would not be in the class of persons against whom this suit might be brought by the employer. He has never elected not to be bound by the Act. He is not engaged in any business which would subject him to its provisions. It would have been absurd for him to elect "not to be bound by the Act" because he has never been under it nor engaged in any business on account of which he might either voluntarily or involuntarily come under it. He is without the Act without any election on his part. He has not carried on any business by which he might be brought within its provisions. The question for determination is whether it was the intention of the legislature that such a person should be subject to suit by the employer who has paid compensation, etc. The trial court construed the clause technically and very literally. It held defendant never elected not to be bound by the Workmen's Compensation Act, therefore he was not subject to suit by the employer who had paid or become liable to pay compensation. If he had been under the Act and by some one of the methods provided in the Act had elected no longer to be bound by it, then he would on defendant's theory be liable to such suit; but not having ever been engaged in a business which made it necessary for him to elect at all, he is not liable. This construction of this clause seems to be based on the letter rather than the spirit

of the law—to regard the form and disregard the substance. If a defendant who is without the Act by his negligence injures one under it, he is liable for all damages to the persons injured by his negligence irrespective of whether he is without the provisions of the Act, by affirmative election or for any other reason. The essential and determinative thing is his status with reference to the Act. That status is precisely the same whether he is without the statute for the one reason or the other. Whether because of "election" or because he is not engaged in any business which would bring him under it. In other words, it is the *actual status* rather than the formality of an "election" by the third party that creates the substantive rights of the respective parties.

The Supreme Court has never passed on this precise question, although its construction of the different paragraphs of section 29 is in harmony with plaintiff's theory and indicates its opinion that an employer who has paid compensation for an injury to an employee has a right of action against any third person who negligently caused the injury, irrespective of whether the third person is within or without the Act by affirmative election or otherwise. We note statements in opinions.

*Goldsmith v. Payne,* 300 Ill. 119: " . . . But if the person, other than the employer, so liable for damages is not bound by the provisions of the act, then legal proceedings may be brought against such other person by *either the employer or the injured employee.*"

*O'Brien v. Chicago City Ry. Co.,* 305 Ill. 244: " . . . Where the person causing the injury *was not subject to the provisions of the act* his liability as it existed before the act was not affected, but the injured employee's employer should be subrogated to his employee's right to the extent of the compensation paid or to be paid under the act.

" . . .

"While the right of action against the person negligently causing an injury who is not bound by the provisions of the act is unaffected by it, the employer who is free from negligence is entitled to indemnification from the proceeds of such cause of action for the compensation he is bound to pay, and the cause of action may be prosecuted in the name of either the employer or the employee, but in either case *is for the benefit of both,* in accordance with their respective rights."

*Baker & Conrad, Inc. v. Chicago Heights Const. Co.,* 364 Ill. 386: "Passing to section. 29, it was obviously the intention of this section that in those cases where the compensation for injuries had been paid by some employer, . . . and the injury or death was caused by the negligence of some third person either within or without the act and not by the negligence of such employer, such employer shall be subrogated to the rights of the employee or his legal representative."

*Huntoon v. Pritchard,* 371 Ill. 36, "The purpose of section 29, supra, is to require the indemnification of the employer who is without fault out of the money recovered from a negligent third person. Where such third person is under the act his liability is limited to the amount of compensation paid, but where, as here, *he is not under the act,* the common law liability still exists and is unrestricted in amount . . . Section 29 has as its object the reimbursement of the employer where he is compelled to pay compensation as a direct result of the negligence of another. In this case the employer had to pay, in addition to compensation for the original injury, an additional amount to cover the aggravation caused by the appellee's malpractice. To adopt appellee's construction would deprive the employer of his right of subrogation and confer upon appellee a benefit to which he is in no way entitled."

It seems, upon the whole, quite clear the intention of the legislature was to leave third parties, who by

their negligence brought about an injury, responsible to the person injured and to the employer who without fault of himself or employees, was required to pay out money by reason of such negligence. A liberal construction should prevail to that end, and courts are not confined to the literal meaning of words used. In *Uphoff v. Industrial Board*, 271 Ill. 312, the Supreme Court said: "A thing within the intention is regarded within the statute though not within the letter. A thing within the letter is not within the statute if not also within the intention. When the intention can be collected from the statute, words may be modified or altered so as to obviate all inconsistency with such intention. *Hoyne v. Danisch*, 264 Ill. 467. When great inconvenience or absurd consequences will result from a particular construction that construction should be avoided, unless the meaning of the legislature be so plain and manifest that avoidance is impossible."

In *Faber v. Industrial Commission*, 352 Ill. 115, following this rule, the Supreme Court held that a person standing *in loco parentis* to an employee was "parent" within section 7 of the Workmen's Compensation Act. (See also *Ketcham v. Board of Education Community Consol. School Dist. No. 201*, 324 Ill. 314, and *Harding v. Albert*, 373 Ill. 94.)

Defendant relies on *Agar Packing & Provision Co. v. Becker*, 301 Ill. App. 237. The opinion indicates the views of the Supreme Court (as above stated) were not called to the attention of the court in that case, while the later case of *People ex rel. Barrett v. Tull*, 311 Ill. App. 636, is in harmony with the construction we adopt. The judgment will therefore be reversed and the cause remanded with directions to enter a rule on defendant to answer the complaint.

*Reversed and remanded with directions.*

O'CONNOR and McSURELY, JJ., concur.