In re Estate of Thomas J. Shields, Deceased.
Aetna Casualty and Surety Company, Appellant, v. Marshall Shields, Administrator of Estate of Thomas J. Shields, Deceased, Appellee.

Gen. No. 42,572.

Opinion filed November 17, 1943.

TIMOTHY J. MURTAUGH, of Chicago, for appellant.

DENEEN & MASSENA, of Chicago, for appellee; ROY MASSENA and RALPH B. MACK, both of Chicago, of counsel.

MR. JUSTICE BURKE delivered the opinion of the court.

On and prior to July 1, 1937 Thomas J. Shields was employed by Robert G. Geyer and Martha Geyer, co-partners doing business as the Geyer Dairy, and was earning a salary in excess of $40 a week. On that day, while so employed and while operating a delivery truck, the truck was struck by an automobile operated by Mrs. F. H. Young. As a result of the collision Mr. Shields died. He was divorced and not remarried and left surviving him a son, Marshall Shields, and a mother, Mrs. Minnie S. Feddeler. The son was in no way dependent upon his father. The deceased had been living with his mother and contributing to her support. On November 6, 1937, she filed a claim before the Industrial Commission of Illinois. On April 22, 1938 a petition for a lump sum was approved by that commission and $1,100 was paid to her as compensation under the provisions of par. (c), sec. 144, of the Workmen's Compensation Act, ch. 48, Ill. Rev. Stat. 1941 [Jones Ill. Stats. Ann. 143.22]. On July 27, 1937, Marshall Shields was appointed administrator

of the estate of Thomas J. Shields, deceased, by the probate court of Cook county, and on September 28, 1937, as administrator, he compromised the cause of action for the death of Thomas J. Shields against Mrs. F. H. Young for $750, and, as administrator, gave Mrs. Young a full release. On November 22, 1938 the administrator's final report and account was approved by the probate court of Cook county and the administrator was discharged. The employers were not notified of the settlement made by the administrator, nor were they notified of the closing of the estate. On December 20, 1938 the Aetna Casualty & Surety Company, the insurance carrier of the employers and which had paid the $1,100 as compensation to Mrs. Feddeler, filed a petition in the probate court of Cook county, setting forth the above facts and praying that the order approving the final report and account and discharging the administrator, be vacated, that an order be entered awarding it (the insurance carrier) a lien on the proceeds of the settlement, and that the administrator be directed to pay the carrier the sum of $750 and to revise his final report and account accordingly. The administrator filed his written motion to strike the petition on the ground that "it affirmatively appears from the face of the petition that the petitioner is not entitled to the relief prayed for by virtue of the terms and provisions of section 29 of the Workmen's Compensation Act of the State of Illinois." The court sustained the motion and dismissed the petition. The insurance carrier prosecuted an appeal to the circuit court of Cook county, where, on motion of the administrator, the petition was also dismissed. This appeal followed. The facts are not in dispute.

The insurance carrier's theory of the case is that where an employee is killed through no negligence of the employer or his employees, and under circumstances creating a legal liability for damages from a person

other than the employer to pay damages, that the employer who has paid compensation under the Workmen's Compensation Act is entitled, under section 29 of that act [Jones Ill. Stats. Ann. 143.44], to be repaid the amount of compensation from any settlement made with such person. The administrator's theory is "that where the employer has paid compensation only to the mother of the deceased employee, he cannot be subrogated to the rights of the employee's son, the sole next of kin of the deceased employee, against the third party. The son and the personal representative of the deceased employee did not receive any compensation from the employer. As the proceeds of the recovery on the right of action for wrongful death were not part of the assets of the estate, nor subject to the claims of creditors, the Probate Court did not have jurisdiction of the subject matter of the petition filed by petitioner in the decedent's estate in an effort to reach the proceeds of the right of action for wrongful death. Even if there were jurisdiction in the probate court, the plaintiff's petition was not filed within the time allowed for filing claims."

The insurance carrier maintains that the primary purpose of section 29 of the Workmen's Compensation Act is the reimbursement of the employer for compensation paid under that act, and that the right retained by an injured employee or the personal representative to sue or settle with the negligent third party not under the act, as set forth in the second and succeeding paragraphs of section 29, is qualified by the fact that such a suit or settlement is for the benefit of both the injured employee or his personal representative and the employer, and that section 29 should be construed to effect its purpose. The administrator responds by pointing out that the compensation under the Workmen's Compensation Act was due and paid solely to decedent's mother, while the right of action on the death claim was in the ad-

ministrator and the proceeds of the settlement were for the exclusive use of decedent's son as the only next of kin; and that the employer is not entitled, under the provision of section 29, to be reimbursed for compensation payments out of the proceeds of the settlement of the death claim. The administrator further contends that the mother, as the sole dependent, was the only one who could receive workmen's compensation, while the son as the sole next of kin was the only one who could receive the proceeds of any recovery by the administrator on the claim for wrongful death; that no workmen's compensation was paid to the deceased or to the administrator as the personal representative of the deceased; that the administrator as personal representative of the deceased did not receive, or agree to receive or institute suit for workmen's compensation as required by the third paragraph of section 29; that the employer's right of action against the third party has not been prejudiced by the administrator's settlement with the third party; that the cases cited by the carrier are based on subrogation of the employer to the rights of the person to whom the employer has paid workmen's compensation, and that when, as here, the right of action is not in the person receiving compensation, there is no basis for the doctrine of subrogation. Section 29 of the Workmen's Compensation Act (sec. 166, ch. 48, Ill. Rev. Stat. 1941 [Jones Ill. Stats. Ann. 143.44]) consists of five paragraphs, and reads:

"[1] Where an injury or death for which compensation is payable by the employer under this Act was not proximately caused by the negligence of the employer or his employees, and was caused under circumstances creating a legal liability for damages in some person other than the employer to pay damages, such other person having also elected to be bound by this act, or being bound thereby under section three (3) of this act, then the right of the employee or per-

sonal representative to recover against such other person shall be transferred to his employer and such employer may bring legal proceedings against such other person to recover the damages sustained, in an amount not exceeding the aggregate amount of compensation payable under this Act, by reason of the injury or death of such employee. [2] Where the injury or death for which compensation is payable under this Act was not proximately caused by the negligence of the employer or his employees and was caused under circumstances creating a legal liability for damages on the part of some person other than the employer to pay damages, such other person having elected not to be bound by this Act, then legal proceedings may be taken against such other person to recover damages notwithstanding such employer's payment of or liability to pay compensation under this Act. In such case, however, if the action against such other person is brought by the injured employee or his personal representative and judgment is obtained and paid, or settlement is made with such other person, either with or without suit, then from the amount received by such employee or personal representative there shall be paid to the employer the amount of compensation paid or to be paid by him to such employee or personal representative. [3] If the injured employee or his personal representative shall agree to receive compensation from the employer or accept from the employer any payment on account of such compensation, or to institute proceedings to recover the same, the said employer may have or claim a lien upon any award, judgment or fund out of which such employee might be compensated from such third party. [4] In such actions brought by the employee or his personal representative, he shall forthwith notify his employer by personal service or registered mail, of such fact and of the name of the court in which such suit is brought, filing proof

thereof in such action. The employer may, at any time thereafter join in said action upon his motion so that all orders of court after hearing and judgment shall be made for his protection. No release or settlement of claim for damages by reason of such injury or death, and no satisfaction of judgment in such proceedings, shall be valid without the written consent of both employer and employee or his personal representative, except in the case of the employer, such consent shall not be required where said employer has been fully indemnified or protected by court order. [5] In the event the said employee or his personal representative shall fail to institute a proceeding against such third person at any time prior to three months before said action would be barred at law said employer may in his own name, or in the name of the employee, or his personal representative, commence a proceeding against such other person for the recovery of damages on account of such injury or death to the employee, and out of any amount recovered the employer shall pay over to the injured employee or his personal representative all sums collected from such other person by judgment or otherwise in excess of the amount of such compensation paid or to be paid under this Act, and costs, attorney's fees and reasonable expenses as may be incurred by such employer in making such collection or in enforcing such liability.''

In *O'Brien v. Chicago City Ry. Co.*, 305 Ill. 244, the Supreme Court said (253):

''The purpose of section 29 is to require this indemnification of the employer who has not been negligent, out of the recovery against the third person whose negligence caused the injury.''

In reviewing other cases decided by the Supreme Court, in the *O'Brien* case the court further said (255):

"From these cases it appears that we have held (1) that the common law right of action of an employee against his employer for negligently injuring him in the course of his employment is abolished; (2) that the common law right of action of an employee against any other person than his employer for negligently injuring him in the course of his employment where such other person is bound by the provisions of the Workmen's Compensation Act is abolished; (3) that the common law right of action of an employee against any other person than his employer for negligently injuring him in the course of his employment where such other person is not bound by the provisions of the Workmen's Compensation Act is not affected by the act but is preserved in its full extent to the employee; (4) while the right of action against the person negligently causing an injury who is not bound by the provisions of the act is unaffected by it, the employer who is free from negligence is entitled to indemnification from the proceeds of such cause of action for the compensation he is bound to pay, and the cause of action may be prosecuted in the name of either the employer or the employee, but in either case is for the benefit of both, in accordance with their respective rights; (5) that in cases of negligent injury caused by a person not bound by the act, the injured employee is not put to his election between compensation under the statute and damages at common law but may prosecute the common law action and the statutory claim for compensation at the same time."

In *Huntoon v. Pritchard,* 371 Ill. 36, the Supreme Court said (45):

"Section 29 has as its object the reimbursement of the employer where he is compelled to pay compensation as a direct result of the negligence of another."

In *City of Chicago v. Pizel,* 315 Ill. App. 216, we said (220):

"It seems, upon the whole, quite clear the intention of the legislature was to leave third parties, who by their negligence brought about an injury, responsible to the person injured and to the employer who without fault of himself or employees, was required to pay out money by reason of such negligence. A liberal construction should prevail to that end, and courts are not confined to the literal meaning of words used. In *Uphoff v. Industrial Board,* 271 Ill. 312, the Supreme Court said: 'A thing within the intention is regarded within the statute though not within the letter. A thing within the letter is not within the statute if not also within the intention. When the intention can be collected from the statute, words may be modified or altered so as to obviate all inconsistency with such intention. *Hoyne v. Danisch,* 264 Ill. 467. When great inconvenience or absurd consequences will result from a particular construction that construction should be avoided, unless the meaning of the legislature be so plain and manifest that avoidance is impossible.' "

The administrator calls our attention to the provision of section 2 of the Wrongful Death Act (sec. 2, ch. 70, Ill. Rev. Stat. 1941 [Jones Ill. Stats. Ann. 38.02]) that every such action shall be brought by and in the name of the personal representatives of such deceased person, and the amount recovered in every such action shall be for the exclusive benefit of the widow and next of kin of such deceased person, and shall be distributed to such widow and next of kin the proportion provided by law in relation to the distribution of personal property left by persons dying intestate; and in every such action the jury may give such damages as they shall deem a fair and just compensation with reference to the pecuniary injuries resulting from such death, to the wife and next of kin of such deceased person, not exceeding the sum of $10,000. Marshall Shields, the son, was the only heir-at-law and

next of kin, and under this section he had the right to bring action for the wrongful death of his father. Section 6 of the Workmen's Compensation Act provides that no common law or statutory right to recover damages for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation provided, shall be available to any employee who is covered by the provisions of this act, to any one wholly or partially dependant upon him, the legal representatives of his estate, or any one otherwise entitled to recover damages for such injury. Section 7 of the act provides the amount of compensation which shall be paid for the injury to an employee resulting in death. Paragraph (c) of section 7, under which Mrs. Feddeler received $1,100, provides that if no amount is payable under paragraphs (a) or (b) of that section, and the employee leaves any parent or parents, child or children, who at the time of the injury were partially dependant upon the earnings of the employee, then such proportion of a sum equal to four times the average annual earnings of the employee as such dependency bears to total dependency, but not less in any event than $1,000 and not more in any event than $3,750 shall be paid. Paragraph (g) of section 7 provides that the compensation to be paid for injury which results in death shall be paid to the persons who form the basis for determining the amount of compensation to be paid by the employer, the respective shares to be in the proportion of their respective dependency at the time of the injury on the earnings of the deceased. This paragraph also provides that: "In a case where any of the persons who would be entitled to compensation is living at any place outside of the United States, then payment shall be made to the personal representative of the deceased employee. The distribution by such personal representative to the persons entitled shall be made to such persons and in such manner as the commission shall order."

It cannot be disputed that if the person causing the death of the employee had been operating under the act that there would have been no right in the administrator to sue for or to recover anything for anyone. The first paragraph of the act transfers to the employer any action for causing the death of an employee, where the death was not proximately caused by the negligence of the employer or his employees, and was caused under circumstances creating a legal liability for damages in the third person, such third person being under the act. From this it appears that the persons who could sue for wrongful death and the persons who would be entitled to the proceeds of the recovery have been changed by section 29. Under the Workmen's Compensation Act it was the duty of the carrier representing the employers to pay Mrs. Feddeler, who was partially dependent upon the earnings of her son, the amount provided by paragraph (c) of section 7 of the act. Paragraph (g) also provides that payment shall be made direct to the claimant, or to Mrs. Feddeler. Pursuant to the compensation act and the order of the Industrial Commission, payment of the $1,100 was so made. Marshall Shields could have presented a dependency claim under the compensation act, as did his grandmother, providing he was dependent on his father; but we understand he was not dependent. Without consulting the employers of the deceased, the administrator compromised the cause of action. In view of the fact that the settlement was for a sum less than the amount of the compensation paid to Mrs. Feddeler, the only one who could complain about the compromise would be the employers or their insurance carriers. The administrator had a clear right to file an action for the wrongful death. Under section 29, however, it was his duty to pay over to the employers or their insurance carriers out of any recovery from the third party all sums received, less costs, attorney's fees and other expenses of litigation

up to the $1,100 paid to Mrs. Feddeler. Marshall Shields, as the only heir-at-law and next of kin, would be entitled to receive only that which remained after the reimbursement to the employers. Our view is that the employers, represented by the insurance carrier, have a right to be reimbursed to the extent of the $750 paid to the administrator by Mrs. Young in settlement for the wrongful death of the employee. We assume that the attorney who represented the administrator in effecting the settlement and carrying on the proceedings in the probate court has been paid his fee and that the $750 represents the amount which was ready for distribution after the payment of all fees and costs.

As a further point the administrator urges that the probate court, as a court of limited jurisdiction, does not have jurisdiction of the subject matter of plaintiff's petition. That court appointed the administrator. While the record is silent, the usual procedure in cases of compromise is for the administrator to ask for the approval of the probate court. We recognize that the money so received by the administrator cannot be treated as part of the estate of the deceased and the creditors are excluded from any interest therein. The administrator declares that the disposition of the proceeds of the settlement of the death claim is neither a probate matter nor is it involved in the settlement of the estate of the deceased employee, because such proceeds are not part of the estate. Apparently, the administrator recognized that the probate court had jurisdiction to approve his account and to discharge him. We are of the opinion that the probate court had jurisdiction over the money which was held by the administrator as a result of the compromise. When he sought to distribute it in a manner contrary to the provisions of the Workmen's Compensation Act, it cannot be doubted that the insurance carrier had a right to appear and object to such distribution. Marshall Shields did not suffer any pecuniary loss in the death of his

father. While there is a presumption of pecuniary loss, that presumption may be overcome, and the record before us shows that he did not suffer any pecuniary loss. The administrator also contends that petitioner is barred from relief as he did not file his petition within the time allowed for filing claims. Neither the administrator in his capacity as an heir, nor the insurance carrier filed a claim. It was the duty of the administrator to determine who was entitled to the money and until an attempt was made to make distribution to persons other than the insurance carrier, it had no reason to file a petition. Furthermore, the written motion to strike, on which the court acted, was based on the contention that the petitioner was not entitled to the relief prayed for by virtue of the terms and provisions of section 29 of the Workmen's Compensation Act. So far as appears from the record, the point that the claim of the carrier was not filed in time is made for the first time in this court. In our opinion it is without merit. Finally, the administrator asserts that "the employer who has paid death benefits is entitled to sue the third party who caused the injury only if the third person is under the act, or would have been under the act but for his election not to be bound by it. He relies on the case of *Agar Packing & Provision Co. v. Becker,* 301 Ill. App. 237, where the court said (241):

"It is conceded that the third party in this suit is a farmer and by section 3 of the act [Ill. Rev. Stat. 1937, ch. 48, sec. 139; Jones Ill. Stats. Ann. 143.18] expressly exempts farmers from the operation of the act."

This case was decided on the sole point that a farmer was involved and that farmers are exempt from the provisions of the Workmen's Compensation Act. Mrs. Young was a housewife and housewives are not exempt. We are unable to agree with the contention of the administrator that the *Agar* case is applicable to the situation in the case at bar.

The order of the circuit court of Cook county is reversed and the cause remanded for further proceedings in harmony with these views.

*Reversed and remanded with directions.*

KILEY, J., concurs.

HEBEL, P. J., took no part.