**FIRST NAT. BANK IN GREENSBURG et al. v. M & G CONVOY, Inc., et al. (SHUGART et al., third party defendants).**

Civ. No. 8578.

United States District Court
W. D. Pennsylvania.

Jan. 17, 1952.

---

496

Fred B. Trescher (of Kunkle & Tresch-er), Greensburg, Pa., for plaintiff.

Russell J. Butler, Jr. (of Sherriff, Lindsay, Weis & McGinnis), Pittsburgh, Pa., for intervenor.

GOURLEY, Chief Judge.

In this action based on negligence the insurance carrier of the employer by whom the deceased plaintiff was employed has petitioned the Court for leave to intervene in an action by the deceased employee's estate against third party tort-feasors. Workmen's compensation is being paid by the insurance carrier of plaintiff's employer to the dependents of deceased by virtue of Illinois law.

Jurisdiction rests on diversity of citizenship of the parties. 28 U.S.C.A. § 1332.

The First National Bank in Greensburg, as Administrator of the Estate of Grady Griffin, deceased, filed an action in the District Court of the United States for the Western District of Pennsylvania against M & G Convoy, Inc., a corporation, and Blodgett Uncrated Furniture Service, a corporation, to recover for the estate of the decedent the damages occasioned by the decedent's death on October 21, 1948 in the state of Pennsylvania. The decedent was a resident of the state of Alabama but was employed by an Illinois corporation. The action filed by the Administrator of the decedent's estate was a Survival action as distinguished from a Wrongful Death action under the laws of the Commonwealth of Pennsylvania.

Under the Survival Statute of Pennsylvania the measure of damages is:

(a) Compensation for pain and suffering until death ensued.

(b) For loss of earnings for the decedent's expectancy of life, less the probable cost of his future maintenance reduced to present worth.

(c) Compensation for loss of earning power until the date of trial is not reduced to its present worth. Pennsylvania Bar Association Quarterly, Volume XXIII, Oct. 1951, p. 18; Murray, Adm'r v. Philadelphia Transportation Co., Appellant, 359 Pa. 69, 58 A.2d 323.

It is seen that under the Survival Statute the representative recovers in behalf of the deceased.

Plaintiff's decedent was burned to death in a motor truck accident October 21, 1948 on the Pennsylvania Turnpike in Mt. Pleasant Township, Westmoreland County, Pennsylvania. The decedent at the time of the accident was employed by, and driving the tractor trailer of, Interstate Motor Freight, Inc., an Illinios corporation.

Application was made by Betty McKay Griffin and Jerry Wayne Griffin, widow and son of Grady M. Griffin, to the Industrial Commission of Illinois for compensation under the Illinois Workmen's Compensation Act. On August 31, 1951 said commission by Decision of Arbitrator awarded $5,785 to be paid to Betty McKay Griffin for her support and for the support of her minor son

on account of the injuries resulting in death to Grady M. Griffin.

The Fidelity and Casualty Company of New York, Workmen's Compensation insurance carrier for Interstate Motor Freight, Inc., has paid and will continue to pay the amounts awarded by said Decision of Arbitrator.

On November 15, 1951 the Fidelity and Casualty Company of New York filed a petition to intervene in the action filed by the First National Bank as Administrator of the Estate of Grady Griffin as a party plaintiff. This petition to intervene was filed pursuant to Rule 24(a) (2) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

I believe, however, in determining the question consideration should also be given to Rule 24(b) (2) of the Federal Rules of Civil Procedure.

The question raised is whether the Workmen's Compensation insurance carrier for the employer of plaintiff's decedent is entitled to recover the compensation paid and payable by reason of the death of the assured's employee, by joining in this action brought by plaintiff against third persons for damages suffered by the decedent, assuming that said damages were not caused by the negligence of the employer or its employee.

Rule 24(a) (2) and (b) (2) of the Federal Rules of Civil Procedure provide as follows:

"(a) *Intervention of Right.* Upon timely application anyone shall be permitted to intervene in an action * * * (2) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action". (Emphasis supplied.)

"(b) *Permissive Intervention.* Upon timely application anyone may be permitted to intervene in an action * * * (2) when an applicant's claim or defense and the main action have a question of law or fact in common." (Emphasis supplied.)

Does the petitioner have any interest in the action filed by the First National Bank of Greensburg on behalf of the estate of decedent, depending, as it does, upon petitioner's right of subrogation for indemnification of compensation paid?

Since the contract of employment was executed in the State of Illinois, the question of the right of subrogation must be decided in accordance with the law of Illinois. The law of the state where the contract of employment is created determines the subject of the right of subrogation. Sloan v. Appalachian Electric Power Co., D.C., 27 F.Supp. 108.

The Illinois Workmen's Compensation Act at § 29 provides that where an injury or death for which compensation is payable by the employer was caused by the negligence of persons other than the employer or his employee, the employer may join in the employee's action against such persons for the employer's indemnification for compensation paid.

Upon turning to the law of the State of Illinois I find that Section 29 of the Illinois Workmen's Compensation Act as found in ch. 48 of Smith-Hurd Illinois Statutes, § 166 provides: "Where the injury or death for which compensation is payable under this Act was proximately caused by the negligence of the employer or his employees and was caused under circumstances creating a legal liability for damages on the part of some person other than the employer to pay damages, such other person having elected not to be bound by this Act, then legal proceedings may be taken against such other person to recover damages notwithstanding such employer's payment of or a liability to pay compensation under this Act. In such case, however, if the action against such other person is brought by the injured employee or his personal representative and judgment is obtained and paid, or settlement is made with such other person, either with or without suit, then from the amount received by such employee or personal representative there shall be paid to the employer the amount of compensation paid or to be paid by him to such employee or personal representative."

Respondent contends that since the Act provides for subrogation on behalf of the employer for such compensation as is paid to the employee or his personal represent-

ative, the Act makes no provision whatsoever for any subrogation arising out of payments to the widow or other dependents of the deceased employee.

Respondent places considerable emphasis on the distinction enunciated in Pennsylvania between an action brought under the Survival Act, 20 P.S.Pa. c. 3, Appendix, § 771 et seq., and the Wrongful Death Act, 12 P.S.Pa. § 1601 et seq., asserting that the employer is entitled to be subrogated to any sum recovered under the Wrongful Death Act but is not entitled to be subrogated to any sums recovered under the Survival Act.

However, we should not be concerned with the interpretation made of the Pennsylvania Workmen's Compensation Act, 77 P.S.Pa. § 1 et seq., with the Wrongful Death and Survival Acts in Pennsylvania. We are dealing with the Illinois Workmen's Compensation Act and the Survival Statute of Pennsylvania since the plaintiff's cause of action against the defendants arose in Pennsylvania.

■ In determining the right of the compensation carrier to intervene under the Federal Rules of Civil Procedure, consideration must be given to the Illinois Workmen's Compensation Act and the decedent employee's contract with his employer by his acceptance of that Act.

■■ Under the Pennsylvania Conflict of Laws Rule the interpretation of a contract is determined by the law of the place of contracting. By the law of Pennsylvania a contract is made when and where the last act necessary for its formation is done. Newspaper Readers Service v. Canonsburg Pottery Co., 3 Cir., 146 F.2d 963.

■ It is fundamental in the Law of Conflicts that a contract entered into in one jurisdiction can be enforced in a foreign jurisdiction and it is my judgment that the contract of employment in this case was made, performed and intended by the parties to be enforced by the law of Illinois. It is, therefore, necessary to make reference to the Illinois law and the judicial interpretations made therein to determine the right of the insurance carrier which arises out of the contract of employ-

ment between the deceased employee and the Interstate Motor Freight, Inc., his employer.

■ The view taken by the Supreme Court of Illinois is clear and unequivocal. The Court has held that the purpose of Section 29 is to require indemnification of the employer who has not been negligent out of the recovery against the third person whose negligence caused the injury. O'Brien v. Chicago City R. Co., 305 Ill. 244, 137 N.E. 214, 27 A.L.R. 479; In re Shields' Estate, 320 Ill.App. 522, 51 N.E.2d 816; Aetna Casualty & Surety Company v. Shields, 320 Ill.App. 522, 51 N.E.2d 816; Huntoon v. Pritchard, 371 Ill. 36, 20 N.E.2d 53.

And in City of Chicago v. Pizel, 315 Ill. App. 216, 42 N.E.2d 850, 852, the Appellate Court said: "It seems, upon the whole, quite clear the intention of the legislature was to leave third parties, who by their negligence brought about an injury, responsible to the person injured and to the employer who without fault of himself or employees, was required to pay out money by reason of such negligence. A liberal construction should prevail to that end, and courts are not confined to the literal meaning of words used."

■ If any particular part of § 29 of the Illinois Workmen's Compensation Act raises a doubt as to the right of the employer to join in this action by the employee's representative, all doubt is dispelled by paragraph 4 of that section: "In such actions brought by the employee or his personal representative, * * *. The employer may, at any time thereafter join in said action upon his motion so that all orders of court after hearing and judgment shall be made for his protection."

Any interpretation of this section that would require that compensation be actually paid to the employee or his personal representative before the right of the employer to join in the personal representative's action be exercised, would wholly defeat such a joinder in all cases where the employee died without having been compensated personally. This is true for the obvious reason that a deceased person could

not be the recipient of compensation. And secondly, there is only one situation wherein the compensation award under the Illinois Statute is payable to the personal representative, and that being: "In a case where any of the persons who would be entitled to compensation is living at any place outside of the United States." § 7(g), S.H.A. ch. 166, § 144(g).

I do not believe it was the intent of the Illinois Legislature to preclude the employer where the injuries resulted in death, while permitting a recovery against third persons for nonfatal injuries suffered by the employee. The correct construction, and the true intent, of the statute is that interpretation set forth by the Supreme Court of Illinois whereby the employer is entitled to indemnification where he is compelled to pay compensation without fault.

It is immaterial to the employer's right to join in this case that the plaintiff brings this action under the Acts of the General Assembly of Pennsylvania, to wit the Act of June 7, 1917, P.L. 447, § 35(b), as amended by the Act of July 2, 1937, P.L. 2755, § 2. This Act, commonly known as the Survival Act, is not peculiar to Pennsylvania. Similar legislation has been enacted in most, if not all, of the states. In Illinois the legislature has provided for Actions which Survive, as part of its Probate Act, Smith-Hurd Ann.St. ch. 3 § 494. The Illinois Survival Action and the Illinois Wrongful Death Action, Smith-Hurd Ann.St. Ch. 70, § 1, are very similar to the Pennsylvania Acts. However, any comparison of the respective legislation would be purely academic and has no bearing on this issue. The rights of the employee which survived to his personal representative, and the rights of his employer arise under the Illinois Workmen's Compensation Act and are entitled to enforcement in this Court. If the rule were otherwise, any injury or death to an employee within the Workmen's Compensation Acts, occurring outside of the state of his employment, would not be redressible by his employer in the state where the accident occurred.

The Illinois Workmen's Compensation Act clearly gives the employer the right to participate in the personal representative's action against third persons. In fact, the Act is so strong in this respect that paragraph 1 of § 29 transfers the entire right of the personal representative to the employer where both the employer and the third party responsible for the tort have elected to be bound by the Act. Again in paragraph 2 of the same section provision is made for payment by the personal representative to the employer out of any judgment or settlement, the amount of compensation paid by the employer. Paragraph 3 gives the employer a lien on any award, judgment or fund out of which such employee might be compensated from such third party, and clearly illustrates the legislature's intention to treat all compensation paid under the Act, whether the employee be living or dead, as compensation to the employee. This is the only logical construction of paragraph 3 that can be made, for the reason that it would be physically impossible for the personal representative to agree to receive compensation or to institute proceedings and as a result of either course of action, cause funds to be paid to the deceased employee personally. And referring again to paragraph 4 of § 29, express provision is made for the employer to join in an action brought by the personal representative.

Since I have concluded that an employer, under the Illinois Workmen's Compensation Act, may join in a plaintiff's action to secure indemnification, it is my judgment that this right is extended to the employer's insurance carrier for Workmen's Compensation insurance.

Workmen's compensation acts very generally provide that the employer or insurance carrier, upon paying the compensation provided under the act, shall be subrogated to the employee's or his personal representative's claim as the case may be. But even in the absence of a specific provision allowing the carrier to be substituted for the employer a similar right exists. This aspect of the instant case is procedural.

500

Questions which relate to remedy or procedure are governed and referable to the jurisdiction where the action is instituted. Conflict of Laws, 15 C.J.S., Common, page 592; Restatement of the Law, Conflict of Laws, § 588; Earle Gear & Machine Co. v. Fidelity & Casualty Co. of N. Y., 148 Pa.Super. 147, 24 A.2d 652; Moran v. Pittsburgh-Des Moines Steel Co., 3 Cir., 183 F.2d 467; W. W. Clyde & Co. v. Dyess, 10 Cir., 126 F.2d 719.

It is now an almost universal rule that a court may allow persons other than those before the court to come in or be brought in as parties, to the end that substantial justice may be done. 20 R.C.L. page 694.

Intervention is the admission by leave of court of a person not an original party into the proceeding by which such person becomes a party thereto for the protection of some right or interest alleged by him to be affected by the proceeding. In re Willacy County Water Control & Improvement District, D.C., 36 F.Supp. 36; Salem Engineering Co. v. National Supply Co., D.C., 75 F.Supp. 993.

It is evident that the insurance carrier and the plaintiff have a common question of law and fact involved in the action against the third party tort-feasors.

It is my judgment that whether consideration is given to Rule 24(a) (2) or 24(b) (2), in order for the insurance carrier to protect its interests the petition for leave to intervene should be granted.