## QUEVEDO v. UNION PAC. R. CO.
### No. 52 C 2358.

United States District Court,
N. D. Illinois, E. D.
Oct. 2, 1953.

James A. Dooley, Chicago, Ill., for plaintiff.

Erwin W. Roemer, Chicago, Ill., for defendant.

LA BUY, District Judge.

Plaintiff, administratrix, has filed her complaint to recover damages for the wrongful death of her husband, an employee of the Pullman Company, as the result of the collision of defendant's trains the City of San Francisco and the City of Los Angeles, which collision was alleged to have been caused through negligent operation of said trains by the defendant. Jurisdiction is premised on di-

---

versity of citizenship and requisite jurisdictional amount.

The defendant railroad has filed its answer admitting "its liability to respond to plaintiff's decedent's widow and next of kin for such reasonable damages as may have been sustained by them by reason of the death of plaintiff's decedent (except as said cause of action has been released by said administratrix as is alleged in defendant's additional defense); * * * ". Said additional defense is set forth as follows:

> "And for a further defense defendant alleges that heretofore and on December 4, 1951, plaintiff, as administratrix, for a valuable consideration, executed and delivered to defendant an instrument in writing, a copy of which is attached hereto and made a part hereof, marked Exhibit 'A', wherein and whereby she, as such administratrix, forever released and discharged defendant from all claims, demands, or causes of action which she as such administratrix had or claimed to have had against it, including the cause of action in the complaint herein set forth."

Plaintiff has moved to strike those portions of the defendant's answer which set forth the existence of a release. In support of said motion plaintiff attaches photostatic copies of proceedings had in the Probate Court. From these pleadings it appears an estate was opened by plaintiff administratrix on December 4, 1951; on the same date the Probate Court entered an order approving her settlement of the death claim with the defendant railroad; on October 27, 1952 the Probate Court vacated its order approving and consenting to the settlement for the reason that a full disclosure was not made to her of the fact that the settlement fund included a sum of $6,800 which the Pullman Company was liable to pay the widow under the Workmen's Compensation Act of Illinois.

Plaintiff urges that the order of the Probate Court setting aside the order of compromise is a final order; that appeal therefrom must be made to the Circuit Court of Cook County; that the order cannot be collaterally attacked in a subsequent suit between the same parties; that the doctrine of res judicata and estoppel by verdict bars a relitigation of the issue of the validity of the release. The defendant contends the Probate Court had no jurisdiction to authorize the release or vacate the order of authorization; that the rule of the Probate Court relating to petitions for compromise of wrongful death claims is procedural in nature and cannot confer jurisdiction on the court where none exists; that the validity of the release executed by the administratrix must be determined independently of the orders of the Probate Court and is properly pleaded in the case at bar.

█ It is established that the personal representative has the power to make a binding settlement of a wrongful death action without the necessity of procuring an order of the Probate Court. Washington v. Louisville & N. Ry. Co., 1891, 136 Ill. 49, 56, 26 N.E. 653.

In In re Estate of Shield, 1943, 320 Ill.App. 522, 51 N.E.2d 816, the Illinois Appellate Court held that money recovered in a wrongful death action should not be treated as part of the decedent's estate although it is the duty of the personal representative to see that the money is placed in the hands of the persons lawfully entitled to them. The facts briefly in that case were that Shields died as the result of an automobile collision while operating a dairy delivery truck and left surviving him his divorced wife, a son not dependent upon him, and his mother with whom decedent lived and whom he supported. The Industrial Commission approved a settlement of the mother's claim pursuant to the Workmen's Compensation Act. The son was appointed administrator of his father's estate and compromised the cause of action for the death of his father giving a full release. The Probate Court approved his final account and report and the estate was closed. Thereafter, the insurance carrier for the deceased's em-

ployer filed a petition to set aside the order approving the final account and report, asserting a lien upon the money received from the wrongful death claim, and requesting the administrator be directed to pay said sum to the petitioner. The administrator moved to dismiss said petition. The court said, 320 Ill.App. at page 533, 51 N.E.2d at page 821:

"As a further point the administrator urges that the Probate Court, as a court of limited jurisdiction, does not have jurisdiction of the subject matter of plaintiff's petition. That court appointed the administrator. While the record is silent, the usual procedure in cases of compromise is for the administrator to ask for the approval of the Probate Court. We recognize that the money so received by the administrator cannot be treated as part of the estate of the deceased and the creditors are excluded from any interest therein. The administrator declares that the disposition of the proceeds of the settlement of the death claim is neither a probate matter nor is it involved in the settlement of the estate of the deceased employee, because such proceeds are not part of the estate. Apparently, the administrator recognized that the Probate Court had jurisdiction to approve his account and to discharge him. We are of the opinion that the Probate Court had jurisdiction over the money which was held by the administrator as a result of the compromise. When he sought to distribute it in a manner contrary to the provisions of the Workmen's Compensation Act, it cannot be doubted that the insurance carrier had a right to appear and object to such distribution. * * * *"

In Miller v. Pinkney, 1911, 164 Ill.App. 576, decedent was killed by an electric wire of the Peoria Gas and Electric Company and left surviving him three brothers and five sisters. A public administrator was appointed who then brought suit against the electric company. Said suit was settled by the attorneys with the consent of one of the heirs, which settlement was without the knowledge or consent of either the administrator or the Probate Court. The public administrator was unable to secure his discharge as administrator and had not received any of the proceeds of the settlement nor any receipts or vouchers or any accounting from the parties other than a statement from counsel that the money had been turned over to the next of kin. The court held the money received in settlement must be turned over to the administrator and payment thereof must be made by him to the next of kin by proper order of the Probate Court. In the course of its opinion, the court said, 164 Ill.App. at pages 578–579:

"* * * * The evidence shows that the only next of kin of the deceased were his brothers and sisters. They are each entitled to an equal share in the amount recovered after the payment of costs and expenses. If the brother who died subsequent to the bringing of the suit, died unmarried and intestate and left no children or debts then his share would descend to his brothers and sisters. The appellant as administrator gave bond for the performance of his duty. He as such administrator was the only party in whose name the suit could be maintained and had the right to control the disposition of the suit. Washington v. Louisville & N. Ry. Co., 136 Ill. 49, 26 N.E. 653. Where pending the suit a settlement was made it is the duty of the administrator to see that the proceeds of such settlement are placed in the hands of the parties who are lawfully entitled to them. Perry v. Carmichael, 95 Ill. 519. It was the province of the Probate Court to apportion the amount recovered amongst the parties entitled thereto on proper notice to the parties interested. Baltimore & O. S. W. Ry. Co. v. Then, 159 Ill. 535, 42 N.E. 971."

28

■■ It appears, therefore, the jurisdiction of the Probate Court extends to the money which comes into the hands of the personal representative only for the purpose of assuring distribution thereof in accordance with the law. Thus, an administrator should distribute only after an adjudication by the Probate Court as to the proper recipients of such money. It is for his protection that he seeks an order from the Probate Court. Therefore, while the proceeds of a wrongful death action are within the jurisdiction of the Probate Court for the sole purpose of proper distribution, jurisdiction of the subject matter of a wrongful death claim or settlement thereof are not and such jurisdiction cannot be conferred merely because the parties failed to deny that jurisdiction existed.

■ The court is of the opinion the probate court has no jurisdiction, other than for distribution of the proceeds, over the right of action for wrongful death. Consequently, an order approving the compounding of such a claim and a subsequent order setting it aside is not binding upon this court. The motion of the plaintiff to strike the answer of the defendant is therefore overruled.

An order has this day been entered in accord therewith.