Milton LAMMERING, Plaintiff-Respondent,

v.

UNITED BENEFIT LIFE INSURANCE COMPANY, a Corporation, Defendant-Appellant.

No. 33828.

St. Louis Court of Appeals, Missouri.

Feb. 23, 1971.

Heneghan, Roberts & Godfrey, Carl R. Gaertner, St. Louis, for defendant-appellant.

Mogab, Hughes & Green, Richard L. Hughes, St. Louis, for plaintiff-respondent.

DOERNER, Commissioner.

Plaintiff, insured under a group health and accident policy issued through his employer, brought this action to recover from the insurer the amount of medical and hospital expenses incurred by plaintiff as the result of an accident. The policy contained an exclusionary clause, pleaded as a defense by the defendant, which excluded from its provisions benefits for accidental bodily injuries arising out of or in the course of the plaintiff's employment covered by the Workmen's Compensation Act. Both parties filed a motion for a summary judgment. The trial court sustained that of the plaintiff on the issue of liability, overruled that of defendant, and assigned the case for trial on the issue of damages only. Subsequently the parties agreed that in the event plaintiff was entitled to recover the amount due plaintiff under the policy was $2,117.46. Judgment was entered for that amount for plaintiff, and defendant appealed.

The decisive issue, of course, is whether plaintiff sustained his injuries in an accident arising out of and in the course of his employment within the meaning of our Workmen's Compensation Law. The facts of this case, as disclosed by the pleadings, the separate motions for summary judgment and the respective affidavits in support thereof, make that issue one of first impression in this state. The undisputed facts are that on August 12, 1969, plaintiff was employed by the Southwest Freight Bureau in offices leased by his employer on the tenth floor of an office building in the City of St. Louis, Missouri, known as 1015 Locust Building. The lease required the owner of the building to furnish elevator service for the use of the employees of the Southwest Freight Bureau and that company paid for the cost of such transportation of its employees as a part of its rental payments.

On the date stated one of the regular passenger elevators was out of service and the building owner provided the freight elevator for the use of the various tenants and their employees in the building, including the Southwest Freight Bureau. Plaintiff's employer, the Bureau, thereupon notified plaintiff and his fellow employees

that they could use the freight elevator if the regular passenger service was inadequate. At about 5:00 P.M., his usual quitting time, plaintiff together with a number of other passengers boarded the freight elevator on the tenth floor of the building intending to ride to the lobby and leave the building. The elevator, which was being operated by an employee of the building owner, malfunctioned and crashed into the elevator pit causing plaintiff to sustain serious injuries, necessitating the hospital and medical services sued for.

It is, of course, the general rule that injuries sustained by an employee while going to and from work do not arise out of and in the course of the employment within the meaning of the Workmen's Compensation Law and are not compensable. Reneau v. Bales Electric Company, Mo., 303 S.W.2d 75; Kunce v. Junge Baking Co., Mo.App., 432 S.W.2d 602. However, as pointed out in the last case, the benefits provided by that Law are not limited to injuries which result while the employee is engaged solely, strictly and only in the work assigned to him; they include (432 S.W.2d 607):

> "As applied to employees returning to or departing from their work (for whatever reason), the going to and from work rule permits recovery of workmen's compensation benefits provided (a) the injury-producing accident occurs on premises which are owned or controlled by the employer, or on premises which are not actually owned or controlled by the employer but which have been so appropriated by the employer or so situate, designed and used by the employer and his employees incidental to their work as to make them, for all practicable intents and purposes, a part and parcel of the employer's premises and operation; and (b) if that portion of such premises is a part of the customary, expressly or impliedly approved, permitted, usual and acceptable route or means employed by workmen to get to and depart from their places

of labor and is being used for such purpose at the time of the injury. * * "

While the facts of this case make it one of first impression in Missouri, there is a wealth of authority to support our conclusion that under the circumstances here shown the employee was injured in an accident arising out of and in the course of his employment within the meaning of the Workmen's Compensation Law. In Schneider, Workmen's Compensation, Vol. 8, Sec. 1717, p. 60, the author states:

> "Where an employer is a tenant in a building housing many employers, so much of the steps, elevators, hallways and other parts of a building as are necessary for the employee to use in coming to or departing from the place where his services to his employer are rendered, are considered part of the employer's premises, and injuries sustained, while thereon for the purpose of entering upon the duties of the employment, or departing from such duties, are generally held to be compensable as coming within the purview of the compensation acts."

Larson, in his The Law of Workmen's Compensation, (1968), Vol. I, Sec. 15.41, pp. 225, 226, says:

> "When the place of employment is a building, it is not necessary that the employer own or lease the place where the injury occurred. It is sufficient if he has some kind of right of passage, as in the case of common stairs, elevators, lobbys, hallways, walkways, or passage ways, through which the employer has something equivalent to an easement."

And see 58 Am.Jur., Workmen's Compensation, Sec. 221, pp. 726, 727; 99 C.J.S. Workmen's Compensation § 239, pp. 852, 853; Latter's Case, 238 Mass. 326, 130 N.E. 637; Wilson Garment Mfg. Co. v. Edmonds, 312 Ill.App. 317, 38 N.E.2d 534; Starr Piano Co. v. Industrial Accident Commission, 181 Cal. 433, 184 P. 860.

Although the plaintiff stated, in his motion for summary judgment, that the pleadings and affidavits on file showed that there was no genuine issue as to any material fact, in his answering brief plaintiff now contends that the judgment should be affirmed because the defendant did not offer any proof that plaintiff was individually covered under the Workmen's Compensation Law. As the record shows, defendant had so pleaded in its answer, and in neither plaintiff's motion for summary judgment nor in his supporting affidavit did plaintiff negate the defense raised by defendant. If our examination of the record led us to believe that the matter of plaintiff's individual coverage under the law had been a matter of dispute we would feel compelled, under the authority given us by Civil Rule 79.04, V.A.M.R., to reverse the judgment and remand the cause for a new trial. For defendant, as well as plaintiff had filed a motion for summary judgment, and as stated in Dorsch Electric Co. v. Knickerbocker Construction Co., Mo., 417 S.W.2d 936, 938, quoted with approval in George F. Robertson Plastering Company v. Altman, Mo., 430 S.W.2d 169, 171:

"* * * Although a party against whom a motion for summary judgment has been filed is not permitted to rely solely upon the allegations of his pleading, a summary judgment should not be granted in a situation where the evidentiary facts set forth in the matters supporting the motion fail to negative a material issue raised by the pleadings. * * *"

However, our examination of the record convinces us that the matter of plaintiff's individual coverage under the Workmen's Compensation Law was not a disputed issue of a material fact, and that from the record it is obvious that both parties, as well as the trial court, proceeded below on the premise that the real issue was one of law, that is, whether, under the foregoing undisputed facts, plaintiff's bodily injuries were sustained in an accident which arose out of and in the course of his employment within the meaning of our Workmen's Compensation Law.

Having determined that issue in favor of defendant, the judgment should be, and hereby is, reversed.

PER CURIAM.

The foregoing opinion by DOERNER, C., is adopted as the opinion of this court. Accordingly, judgment reversed.

BRADY, P. J., and DOWD and WOLFE, JJ., concur.