**ROSENTHAL PRODUCE COMPANY, Inc., et al., Appellants,**

v.

**TASINC CORPORATION, Appellee.**

No. 17655.

Court of Civil Appeals of Texas, Dallas.

July 2, 1971.

H. Hollis Rankin, III, Rankin, Kern & Martinez, McAllen, for appellants.

Leslie P. LeGrand, Jr., Wise & Stuhl, Dallas, for appellee.

BATEMAN, Justice.

The appellee Tasinc Corporation sued on two promissory notes signed by the appel-lant Rosenthal Produce Company, Inc., hereinafter called Rosenthal, and to fore-close chattel mortgages on systems of auto-matic sprinklers installed in two produce buildings in Mercedes, Texas. The appel-lant Mercedes Fruit & Vegetable Company, hereinafter called Mercedes, was alleged to claim an interest in the systems. The trial court granted appellee summary judgment against Rosenthal for the amount of the notes, with interest and attorney's fees, and for foreclosure of the liens on the sprinkler systems as against Rosenthal and Mercedes. Rosenthal and Mercedes appeal on three points of error.

By their first point appellants com-plain of the summary judgment on the ground that the promissory notes were not properly authenticated and not proved as a matter of law to be owned by appellee. The motion for summary judgment was supported by the affidavit of J. R. Daven-port, president of appellee, to which were attached copies of the notes, which Daven-port swore were true and correct copies of the notes executed by Rosenthal, payable to the order of Texas Automatic Sprinklers, Inc. (of which Davenport was also presi-dent) and which were duly assigned to, and then owned by, the appellee. This sum-mary judgment evidence was in full com-pliance with the requirements of Rule 166–A, Vernon's Texas Rules of Civil Pro-cedure. Accordingly, the first point of error is overruled.

Under their second point of error the appellants take the position that Rosen-thal Produce Company was a corporation and that appellee had not proved that the corporation had authorized its president to sign the notes. Appellee had alleged the execution by Rosenthal of the notes, and Rosenthal's only answer was a general de-nial. Rule 93(h), T.R.C.P., requires a veri-fied denial of the execution by the defend-ant or its authority of any instrument in writing, upon which any pleading is found-ed, in whole or in part, and charged to have been executed by it or by its author-ity, and not alleged to be lost or destroyed.

This was not done, and there was therefore no issue in this respect presented for trial.

■ Appellants did present an affidavit of C. D. Monroe, who was president of Rosenthal at the time of the affidavit, merely stating that the minute book did not reflect that any such authority had been given to those who signed the notes. A corporation cannot evade liability on its contracts merely by showing that its own minute book failed to record explicit authority by the board of directors to an officer to sign same. Therefore, we hold that Monroe's affidavit raised no fact issue in this respect, Canadian Long Distance Telephone Co. v. Seiber, 159 S.W. 897, 903 (Tex.Civ.App., Amarillo 1913, writ ref'd), and overrule the second point of error.

Under the third point of error Mercedes complains of the summary judgment foreclosing the liens as against it on the ground that the statute providing for the filing and indexing of a chattel mortgage on fixtures attached to realty was not complied with. We think the statute was substantially complied with and overrule this point of error.

Appellee's chattel mortgage on the sprinkler system installed in the building bought by Mercedes was dated November 15, 1962 and was filed for registration in the office of the county clerk on February 14, 1963. Mercedes bought the building on May 8, 1966. Therefore, the transaction in question occurred prior to the repeal of Vernon's Ann.Civ.St., Articles 5489 to 5499a, inclusive, and the inclusion of the subject matter thereof in V.T.C.A., Bus. & C., § 9.201, et seq. The summary judgment evidence shows without dispute that one of the sprinkler systems involved was installed in a building subsequently purchased by Mercedes, and that Mercedes had no actual knowledge of appellee's lien. It was shown without dispute that copies of appellee's chattel mortgage on the sprinkler system installed in the building in question were filed for registration in the office of the County Clerk of Hidalgo County, Texas on

February 14, 1963, both in the ordinary Chattel Mortgage Records and in the Chattel Mortgage Situated on Realty Records of that county. The instruments were endorsed on the back in the handwriting of the deputy county clerk with the phrase "Filed as C/M and C/M Situated on Realty."

In view of the fact that Vernon's Ann. Civ.St., Art. 5498, which was in effect at the time of the transaction in question, has been repealed effective June 30, 1966, we should state that it provided for the special registration of contracts giving liens on machinery or other manufactured articles attached to realty in such manner as to be deemed fixtures thereto, provided each such contract contained a description of the machinery or other manufactured article as well as the real estate to which it was attached, and that such registration shall be notice to all persons thereafter dealing with, or acquiring any right or interest in, either the personalty or the realty. The statute contained this sentence:

> "All such instruments shall be endorsed on the back thereof, to wit, 'Liens on machinery situated on realty,' and shall be registered in the county where the real estate is located in the manner as other chattel mortgages except that there shall be kept, indexed and recorded, as now herein provided for chattel mortgages, a separate book to be endorsed 'chattel mortgage records on realty.'"

■ The instrument in question contains a description of the sprinkler system as well as of the real estate upon which it was installed, reasonably sufficient to identify said real estate. Mercedes argues that because the instrument did not have endorsed on the back thereof the exact phrase, "Liens on machinery situated on realty," it was inadequate to give Mercedes notice of appellee's lien at the time Mercedes purchased the building.

■ In our opinion, the endorsement on the back of the instrument by the deputy

county clerk is in substantial compliance with Article 5498, and no genuine issue of material fact with respect thereto was presented. Obviously, the purpose of the requirement of the endorsement was to aid the clerk in filing and registering the instrument in the proper place. That purpose was achieved in this case, and we are unwilling to hold that the failure to use the exact statutory words in the endorsement prevents the registration from giving notice to the world of the rights of the lienor.

The judgment appealed from is affirmed.