**UNIVERSAL PRINTING COMPANY, a Missouri corporation, Plaintiff-Respondent,**

v.

**SAYRE AND FISHER COMPANY, a New Jersey corporation, Defendant-Appellant.**

**No. 34814.**

Missouri Court of Appeals,
St. Louis District,
Division One.

Oct. 23, 1973.

Husch, Eppenberger, Donohue, Elson & Cornfeld, St. Louis, for plaintiff-respondent.

Gerald J. Bamberger, St. Charles, for defendant-appellant.

SIMEONE, Judge.

Plaintiff-respondent, Universal Printing Company, instituted this action of February 1, 1972 to recover a sum due on two promissory notes, from the defendant-appellant Sayre and Fisher Company. The trial court granted plaintiff's motion for summary judgment; defendant appeals. We affirm.

The petition in two counts alleged that on or about December 1, 1971 the defendant by its duly authorized agents made and delivered to the plaintiff its promissory notes in the amounts of $3,500.00 and $1,500.00 respectively bearing six per cent interest and that no part of the notes had been paid.

Later, plaintiff filed a motion for summary judgment and an affidavit of the secretary-treasurer of the plaintiff stating that he has personal knowledge that the defendant by its duly authorized agents made and delivered the notes, and that no part of the notes has been paid.

Thereafter, Sayre filed its answer generally denying the allegations of the petition and affirmatively pleaded that "any document which may have been signed by it was executed without consideration."

An affidavit in opposition to plaintiff's motion for summary judgment was later

filed by Tom Shipton, the secretary of Sayre, stating, in part, " . . . 2. That on December 1, 1971 Richard Allen Kovner was Vice-President of Sayre & Fisher Company; that on said date the minutes of the Company do not reflect Richard Allen Kovner's authority to execute any promissory notes on behalf of Sayre & Fisher Company."

On June 28, 1972 the motion for summary judgment filed by plaintiff was heard and submitted. The next day the trial court granted the motion and rendered judgment against Sayre on both notes for the amount of the notes plus interest, amounting to $3,832.50 and $1,640.20 respectively. After setting aside its order of June 29, the court on July 12, 1972 again sustained the motion for summary judgment after finding that the affidavit in opposition to the plaintiff's motion was "not germane". This appeal followed.

Sayre presents one point on this appeal. It urges that the trial court erred in sustaining the plaintiff's motion for summary judgment because the pleadings and affidavits on file did not amount to unassailable proof that plaintiff was entitled to judgment as a matter of law.

The respondent, Universal Printing Company, on the other hand contends that Sayre's counter-affidavit does not raise a genuine issue of material fact, and Sayre cannot, at this stage of the proceedings, attack the sufficiency of the plaintiff's affidavit for the reasons that 1) absent a motion to strike, formal defects in the plaintiff's affidavit are waived, and 2) by denying generally, rather than specifically, the allegation on the plaintiff's petition relating to the authority of the agent of the defendant to make the notes, failed to put in issue the lack of the agent's authority under Rule 55.25, V.A.M.R. and § 400.3–307, RSMo, V.A.M.S.

■ Rule 74.04(a), V.A.M.R. provides that "[a] party seeking to recover upon a claim . . . may . . . move with or without supporting affidavits for a summary judgment in his favor upon all or any part thereof." A summary judgment shall be rendered " . . . if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." Rule 74.04(c). "In no case shall a summary judgment be rendered on issue triable by jury or the court without a jury unless the prevailing party is shown by unassailable proof to be entitled thereto as a matter of law." Rule 74.04(h); Stanturf v. Sipes, 447 S.W.2d 558, 560 (Mo. 1969). The procedure, established in 1960 in Missouri, is to separate what is formal or pretended from what is genuine and substantial so that only the latter may subject a party to the burden of a trial. The appellate court, as well as the trial court, must view the record on summary judgment in the light most favorable to the party against whom the judgment is rendered. Cooper v. Finke, 376 S.W.2d 225, 228 (Mo. 1964). And since the procedure is regarded as a drastic remedy, caution should be taken in utilizing it. Cooper v. Finke, supra.

Under these general principles, summary judgment may properly be rendered only when the pleadings and other papers on file establish 1) that there is no genuine issue as to any material fact and 2) that the moving party is entitled to judgment as a matter of law.

The central and pivotal issue to be determined is whether the Sayre's affidavit in opposition to plaintiff's motion for summary judgment raised a genuine issue as to whether Richard Allen Kovner, the defendant's Vice-President, had authority to sign the notes on behalf of Sayre.

The petition alleged that Sayre by its "duly authorized" agents made and delivered the notes to the plaintiff, and the affidavit of Robert Ebel, agent of plaintiff in support of the motion, also stated that based upon "personal knowledge" that the

defendant by its "duly authorized" agents made and delivered the notes.

The defendant's responsive pleading was as stated a general denial. Mr. Shipton's affidavit then indicated that the "minutes of the Company do not reflect . . . Kovner's authority to execute any promissory notes on behalf of Sayre . . . "

Once the motion for summary judgment was made and supported by plaintiff's affidavit, Sayre, the adverse party, could no longer rest on the mere denials in its pleadings, but was required, under Rule 74.04(e) to "set forth specific facts showing that there is a genuine issue for trial."

The Shipton counter-affidavit did not specifically deny the authority of Kovner to make the notes on behalf of the company, but merely indicated that the minutes do not reflect the authority. This did not raise a genuine issue of material fact to preclude the sustaining of the motion. Furthermore, § 400.3–307, RSMo, V.A.M.S. dealing with commercial paper provides in substance that unless *specifically* denied in the pleadings, each signature on an instrument is admitted, and when the effectiveness of a signature is put in issue, the signature is presumed to be "authorized." § 400.3–307(b). The Code Comment following this section states that the purpose of the requirement of a specific denial in the pleadings is to give the plaintiff notice that he must meet a claim of forgery or *lack of authority* as to the particular signature. Sayre never specifically pleaded lack of authority of the officer of Sayre to make the instrument either in the counter-affidavit or in its pleading, hence raised no genuine issue of material fact precluding the action of the trial court sustaining the motion.

An affidavit similar to the one filed by the Secretary of Sayre was filed in Rosenthal Produce Company v. Tasinc Corporation, 470 S.W.2d 448 (Tex.Civ.App.1971).

In that case, Tasinc Corporation sued on two promissory notes signed by Rosenthal, and the trial court granted summary judgment. The motion was supported by the affidavit of the president of the plaintiff swearing to the correctness of the notes. Rosenthal took the position that the plaintiff had not proved that the defendant had authorized its president to sign the notes. Rosenthal's answer was only a general denial. The defendants, as here, presented an affidavit stating "that the minute book did not reflect that any such authority had been given to those who signed the notes." 470 S.W.2d at 450. But the Texas court held that "A corporation cannot evade liability on its contracts merely by showing that its own minute book failed to record explicit authority by the board of directors to an officer to sign same. Therefore, we hold that [the] affidavit raised no fact issue in this respect." 470 S.W.2d at 450. We believe that *Rosenthal* is very persuasive of the disposition of this case.

Since the defendant has failed to raise a genuine issue as to a material fact under Rule 74.04 by specifically denying and unequivocally raising the issue of lack of authority, and since under Rule 55.25, V.A.M.R., the execution of the written instrument sued on is deemed confessed unless the execution is specifically denied, we hold that the plaintiff is entitled to summary judgment as a matter of law, and that the action of the trial court in granting the motion for summary judgment under these facts was proper. Summary judgment is proper to provide against the delay which comes from a formal trial in which there are, in reality, no substantial issues of fact. Brown v. Prudential Insurance Company of America, 375 S.W.2d 623, 629 (Mo.App. 1964).

The order of the Circuit Court granting summary judgment is affirmed.

DOWD, C. J., and WEIER, J., concur.