John L. KELLOGG, Plaintiff-Appellant,

v.

UNITED BENEFIT LIFE INSURANCE,
Defendant-Respondent.

No. 35695.

Missouri Court of Appeals,
St. Louis District,
Division One.

Nov. 12, 1974.

Donald M. Witte, Clayton, for plaintiff-appellant.

James E. Godfrey, Inc., Samuel T. Vandover, St. Louis, for defendant-respondent.

KELLY, Judge.

Appellant (hereinafter the "plaintiff") brought suit against the respondent (hereinafter the "defendant") for certain hospital, surgical, doctor and other medical expenses he incurred as the result of injuries he sustained while a passenger in an elevator which fell from the eighth floor to the basement of the office building in which he was employed as he was departing from his place of employment at the end of his work day. Defendant filed its timely answer to the amended petition of the plaintiff and thereafter filed a motion for summary judgment accompanied by an affidavit in support thereof. Plaintiff filed a counter-affidavit and request that the court overrule defendant's motion and followed this two days later with his own motion for summary judgment. The cause was submitted to the trial court on the pleadings, the motions for summary judgment and defendant's affidavit in support of its motion and plaintiff's counter-affidavit. The trial court, after considering the aforementioned, rendered judgment overruling plaintiff's motion for summary judgment and sustaining defendant's motion and entering judgment thereon in behalf of the defendant and against the plaintiff. We reverse and remand for reasons hereinafter stated.

The facts of this case as gleaned from the pleadings, exhibits attached thereto, the motions for summary judgment of the parties, and affidavits, both in support and counter, are as follows: the plaintiff was employed by the Southwestern Freight Bureau in its offices in an office building situated in the downtown St. Louis area on the 12th day of August, 1966. At approximately 5:00 p. m., at the end of his work day, the plaintiff boarded a freight elevator furnished to him for the purpose of descending to the lobby of the office building, when the elevator malfunctioned and plunged from the 8th floor to the basement of the office building. He was injured as a result of this elevator malfunction and as a direct and proximate result thereof was forced to incur reasonable and necessary expenses for hospitalization, x-rays, doctors' treatment and consultation, physical therapy and medication in the approximate sum of $4,000.00. The defendant, an insurance company licensed to do business in the State of Missouri, issued to the Association of Western Railways, Chicago, Illinois, Group Insurance Policy GLUG–3920, which was in full force and effect on the date of plaintiff's injury, and which furnished insured certain medical benefits for active employees and dependents against enumerated hospital, surgical and medical expenses less a $100.00 deductible to the extent of 80% of said charges or expenses. The group policy contained certain exclusionary provisions, among which were included "Occupational injuries or sickness covered by a workmen's compensation law or similar legislation." Defendant, in its Answer and in its Affidavit in Support of its Motion for Summary Judgment, contends that it is not liable to the plaintiff under the terms of the group insurance policy because the injuries sustained by the plaintiff arose out of and in the course of his employment and are covered by the Workmen's Compensation Act of the State of Missouri. In its Affidavit in Support of its Motion for Summary Judgment the defendant, through its attorney, states under oath that on the date of the occurrence the lease executed by the employer of the plaintiff and the owner of the building required the owner to furnish elevator service for the use of the employees of plaintiff's employer and the employer paid for the cost of the transportation of the plaintiff and its other employees as a part of its rental payments. That on the fateful day one of the regular passenger elevators was out of service and the building owner provided the freight elevator for the use of the employees of tenants in the building and plaintiff was notified of this by his employer for his use if the passenger elevator service was inadequate. With this

knowledge plaintiff boarded the freight elevator in leaving his place of employment. While being operated by an employee of the owner of the building the elevator malfunctioned and plummeted to the basement. The affidavit further states that plaintiff was subject to the Missouri Workmen's Compensation Law at the time of the incident and that neither he nor his employer had filed a rejection of the law. That by reason of the aforesaid exclusion of accidental bodily injuries arising out of or in the course of the employment of the insured or his dependents or sickness covered by Workmen's Compensation or similar legislation, defendant is not liable to the plaintiff. Plaintiff filed his affidavit in opposition to defendant's motion for summary judgment through his attorney wherein he contended that since defendant did not file a copy of the lease of the premises with his affidavit it was not properly before the court, denied the allegations in the affidavit with respect to the "facts leading up to the Plaintiff using an elevator after his normal working hours," that there was any evidence by way of deposition or interrogatories to the effect that one of the passenger elevators was out of service and the building owner provided the freight elevator for the use of the various tenants and their employees in the building on the day of the occurrence and that the plaintiff was so advised by his employer. He further states defendant's statement that the plaintiff is covered by the Workmen's Compensation Law is a conclusion, unsupported by certification of said status from the Division of Workmen's Compensation of the State of Missouri and further denies that the facts would support proof of said status for, as a matter of fact, the plaintiff is covered by the Federal Employers' Liability Act inasmuch as his employer was created and organized by the Association of Western Railways, and is merely an extension of the services offered and provided through Interstate Commerce by the Railroads themselves rather than by each Railroad. He further states that the Group Insurance

Policy on its face shows that it was issued to the Association of Western Railways of Chicago, Illinois. He complains that the defendant, in Paragraph 4 of its motion, pleads portions of a written contract but fails to attach a written copy of the contract as an exhibit and that the words set out in said allegations varies with the language of the Certificate of Insurance provided to the plaintiff.

On appeal the plaintiff presents what purports to be five Points Relied On. However, only the first meets the standards of Rule 84.04(d), V.A.M.R., as a brief and concise statement of what actions or rulings of the court are sought to be reviewed and why they are claimed to be erroneous. The other four really constitute statements in support of the first which, reduced to its essentials, is that the trial court erred in granting the defendant's motion for summary judgment since there were real and actual fact controversies for the court to consider and determine. The following Points in support of the former are: Point II, that the exclusion clause in the Group Insurance Policy is ambiguous and should be strictly construed against the defendant and most favorably for the plaintiff-assured; Point III, the exclusionary provision of the policy would be a deprivation of his property rights under the provisions of the policy without due process of law because the provision of the policy in contrary to the public policy of the State of Missouri, Art. I, Sec. 10, Constitution of Missouri (1945) and § 287.290 RSMo 1969, V.A.M.S.; Point IV, the employer is not subject to the Missouri Workmen's Compensation Law but is subject to the Federal Employers' Liability Act; and Point V, even if the employer is found to be under the Missouri Workmen's Compensation Act the accident is not compensable within the provisions of that Act because it occurred after normal working hours.

Rule 74.04(c) permits summary judgment when the pleadings, depositions, admissions and affidavits show that there

is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law. Subsection (h) of the Rule prohibits summary judgment on any issue triable by a jury or court unless the prevailing party is shown by unassailable proof to be entitled to judgment as a matter of law. In reviewing summary judgments, appellate courts must view the record in the light most favorable to the party against whom judgment is rendered. Universal Printing Co. v. Sayre & Fisher Co., 501 S.W.2d 180 (Mo.App.1973); Scott v. Thornton, 484 S.W.2d 312 (Mo.1972).

That there are fact issues which remain unresolved is apparent to us from the pleadings and other legal documents in the record. Defendant contends that the plaintiff is barred from proceeding with his claim because he is covered by the Workmen's Compensation Act of Missouri, Ch. 287 V.A.M.S., and the exclusionary clause of the policy specifically so states. Plaintiff, in his counter-affidavit denies that he is covered by the Missouri Workmen's Compensation Act and gives as his reason that he is under the Federal Employers' Liability Act. Defendant relies on the statutorily conclusive presumption in § 287.090 RSMo 1959 as amended Laws 1965, p. 397, § 1, V.A.M.S., in support of his position. However, not every employer-employee contract is subject to the Act and whether plaintiff is an employee subject to the Act is a fact issue to be determined by the trier of the fact. Barlow v. Shawnee Inv. Co., 229 Mo.App. 1, 48 S.W.2d 35, 44 [3], 47[13] (1964). If, as plaintiff contends, he is under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. he is specifically excluded from coverage under the Missouri Workmen's Compensation Act by § 287.110, RSMo 1959, V.A.M.S. Like the question of coverage under the Missouri Workmen's Compensation Act, coverage under the Federal Employers' Liability Act is likewise an issue of fact. Ward v. Atlantic Coast Lines, 362 U.S. 396, 80 S. Ct. 789, 792 [5], 4 L.Ed.2d 820 (1960).

Defendant relies on Lammering v. United Benefit Life Insurance Company, 464 S.W.2d 511 (Mo.App.1971), a claim against this same defendant arising out of this same occurrence. Lammering is not res adjudicata as to this case for obvious reasons. Nor, is it in our opinion, controlling here. A reference to p. 514 of the Lammering opinion explains that this Court in that case did not consider the point here before us because from the record in Lammering this Court was convinced that the point had not been preserved for review because the matter of Lammering's individual coverage under the Missouri Workmen's Compensation Act was not a disputed issue of material fact in the trial court and both parties, as well as the trial court, proceeded on the premises that the real issue was one of law, that is, whether under the undisputed facts, plaintiff's bodily injuries were sustained in an accident which arose out of and in the course of his employment within the meaning of the Missouri Workmen's Compensation Act. For further reason, this Court noted that the issue was raised for the first time in the answering brief of Lammering. This Court said, 1. c. 514: "If our examination of the record led us to believe that the matter of plaintiff's individual coverage under the law had been a matter of dispute we would feel compelled, under the authority given us by Civil Rule 79.04, V.A.M.R., to reverse the judgment and remand the cause for a new trial." There is no res adjudicata issue in this case.

Plaintiff's contentions with respect to the ambiguity of the exclusionary clause of the insurance contract, that it is violative of his due process rights and is contrary to public policy are of no merit. Exclusionary clauses of this type have been held to be valid and effective and are generally held to be unambiguous. Meyer, Life and Health Insurance Law, § 17:13, p. 562 (1972). The due process provisions relied upon by the plaintiff are applicable

only to the agencies of either the state or federal governments. Junkins v. Local Union No. 6313, 263 S.W.2d 337, 340 (Mo. 1954). His argument that the exclusion is violative of public policy is spurious and unnecessary to this appeal in that it is not directed to the question whether issues of material fact remain to be determined. His last point also involves an issue of fact, i. e. whether his injuries arose in and out of his course of employment should it be determined that he is covered by the Workmen's Compensation Act, and is therefore not ripe for decision on this appeal.

We reverse and remand for further proceedings not inconsistent with this opinion.

DOWD, C. J., and SIMEONE and WEIER, JJ., concur.